DeLong, Appellant, *v.* Board of Education of Southwest School District et al., Appellees.

(No. 73-178—Decided November 21, 1973.)

*Messrs. Smith, Latimer & Swing* and *Mr. George H. Kearns*, for appellant.
*Aronoff, Rosen & Lerner Co., L. P. A., Mr. Donald M. Lerner*, and *Mr. William J. Ennis*, for appellees.

STERN, J. We are called upon to determine whether R. C. Chapter 2506 provides an avenue whereby appellant may seek a review of appellee's decision not to reemploy her. R. C. 2506.01 delineates the administrative actions from which an appeal may be taken, as follows:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed * * *.

" * * * *

"A 'final order, adjudication, or decision' does not include * * * any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *."

In *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, this court held that Section 4(B), Article IV of the Ohio Constitution, requires an administrative proceeding to be quasi-judicial in nature before any order issuing therefrom can be appealed pursuant to R. C. 2506.01. Our initial focus, then, is on the nature of the proceedings which culminated in the decision not to rehire appellant.

The action of appellee was taken pursuant to R. C. 3319.11, which, in pertinent part, provides:

"Upon the recommendation of the superintendent [of

schools] that a teacher eligible for continuing service status be re-employed, a continuing contract shall be entered into between the board [of education] and such teacher unless the board by a three-fourths vote of its full membership rejects the recommendation of the superintendent. * * * " There is no requirement in R. C. 3319.11, or anywhere in R. C. Chapter 3319, that a board of education must provide a teacher, whose limited contract is due to expire, with notice of, or opportunity to be heard at, the meeting where his re-employment is being considered.[2] Absent such legislative mandate, we conclude that the determination not to rehire appellant was not the product of a quasi-judicial proceeding, as defined in *Kelley Co., supra,* and therefore appellee's decision cannot be appealed under R. C. 2506.01.

Appellant attempts to distinguish *Kelley Co.* She contends that that case involved no administrative determination of a pre-existing right, whereas, here, appellee's action constituted an unlawful abridgement of her vested statutory right to re-employment. Appellant characterizes the language of R. C. 3319.11 as giving her a right to a continuing contract, subject to a veto by the board of education, and places much reliance on her superintendent's having recommended her for continuing service status.

We do not agree with appellant's contention. R. C. 3319.07 makes it clear that the ultimate responsibility for employing teachers rests with the board of education, and R. C. 3319.11 carefully preserves the board's right to have the final say in all reemployment situations. Although, under R. C. 3319.11, a teacher's contract is deemed renewed by a board's failure to act timely, this very failure is, itself, statutorily considered to be an expression of the board's will.

We have carefully examined the arguments of both

---

[2] We note that no constitutional due-process claim was here raised by appellant. However, both parties did discuss *Orr* v. *Trinter* (C. A. 6, 1971), 444 F. 2d 128, wherein such a claim was fully considered and rejected in a well-reasoned opinion by Chief Judge Phillips.

appellant and *amicus curiae,* and do not agree that R. C. Chapter 3319 gave appellant any statutory right to reemployment upon the expiration of her three-year limited contract.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.