WALKER, APPELLEE, *v.* CITY OF EASTLAKE, APPELLANT.

[Cite as Walker v. Eastlake (1980), 61 Ohio St. 2d 273.]

(No. 79-183—Decided February 20, 1980.)

*Messrs. Turi & Adelman* and *Mr. Louis A. Turi, Jr.,* for appellee.

*Mr. Theodore R. Klammer,* director of law, and *Mr. E. W. Mastrangelo,* for appellant.

CELEBREZZE, C. J.  R.C. 124.34 regulates the procedure by which appointing authorities may dismiss (remove) a member of the classified civil service. It provides for appeal to the State Personnel Board of Review or, in cases of municipal appointing authorities, such as appellant in the case at bar, to the municipal civil service commission.

R.C. 124.34 provides further that:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common

pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

It is on the basis of this language in R.C. 124.34 that the Court of Appeals determined that the Court of Common Pleas did not have jurisdiction to review the city's appeal.

However, R.C. 2506.01 provides, in pertinent part:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code *is in addition to any other remedy of appeal provided by law.*" (Emphasis added.)

The language of R.C. 2506.01 is clear and unambiguous; the right of appeal described therein *is in addition to any other remedy of appeal provided by law.*

It is abundantly clear that an appeal is available from a final order of a commission of a political subdivision of the state unless another statute, enacted subsequent to the enactment of R.C. 2506.01, clearly prohibits the use of this section. (See R.C. 1.52.)

While the relevant portion of R.C. 124.34 was enacted after R.C. 2506.01, the language regarding appeals to Courts of Common Pleas contained therein is not mandatory or exclusive in nature. Nor does the language in R.C. 124.40, which states that "[t]he procedure applicable to reductions, suspensions, and removals as provided for in section 124.34 of the Revised Code, shall govern the civil service of cities," make the provisions of R.C. 124.34 regarding use of R.C. 119.12 mandatory or exclusive. Use of R.C. 2506.01 is not precluded by either R.C. 124.34 or 124.40. Thus, the decision of the Civil Service Commission of Eastlake in the case at bar is appealable pursuant to R.C. 2506.01.

In conclusion, we hold that when a municipality removes a classified employee from his position for disciplinary

reasons, a decision by that municipality's civil service commission may be appealed to the Court of Common Pleas pursuant to R.C. 2506.01.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for disposition of the remaining assignments of error.

*Judgment reversed and*
*cause remanded.*

HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.