SUTHERLAND-WAGNER, APPELLANT, *v.* BROOK PARK CIVIL SERVICE COMM.; BEREA CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as Sutherland-Wagner v. Brook Park Civil Service Comm. (1987), 32 Ohio St. 3d 323.]

(No. 86-1399—Decided September 9, 1987.)

*Robert G. Byrom,* for appellant.

*Squire, Sanders & Dempsey, Timothy J. Sheeran* and *Mark S. Floyd,* for appellee.

SWEENEY, J. The parties to this action agree that R.C. 124.34, by its terms, does not authorize the appeal of an employment suspension to the court of common pleas. It provided in relevant part:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

In *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207, 210-211, 61 O.O. 2d 447, 448-449, 291 N.E. 2d 457, 459-460, this court concluded that, pursuant to R.C. 124.34:

"No appeal is provided to the Common Pleas Court from any order of suspension, such appeals (except as to members of the police or fire department of a city) being limited to those involving removal, or reduction in rank for disciplinary reasons."

*Anderson* involved the dismissal by the common pleas court of an independent action instituted therein for damages alleged to have been suffered as a result of wrongful suspension. The court indicated that the administrative appeal pursuant to R.C. 119.12 was the exclusive remedy available.

*Anderson* is clearly distinguishable from the case at bar. In *Anderson,* the plaintiff sought to circumvent the administrative process by seeking to initiate an independent proceeding which essentially involved the same issues that would have been resolvable upon appeal pursuant to R.C. 124.34. In the present action, appellant does not seek to avoid judicial review of an administrative action, but merely attempts to avail herself of the appellate procedure prescribed by R.C. 2506.01. R.C. 2506.01 provided:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding."

Despite that this statute, on its

face, would permit the appeal of the suspension to the common pleas court, appellee maintains that R.C. 124.34 precludes resort to R.C. 2506.01 since the former statute is more specific and was enacted after the latter provision. In support of this position, appellee cites R.C. 1.51, which provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

Resort to this section, however, is appropriate only where a conflict exists between two statutes. Nothing in R.C. 124.34 specifically prohibits the appeal of a suspension pursuant to another code section. It merely implies that such relief is not available thereunder. Moreover, R.C. 2506.01 provides that an appeal pursuant thereto "is in addition to any other remedy of appeal provided by law." Finally, appellee concedes that "there is no conflict between § 124.34 and § 2506.01 of the Revised Code." Consequently, the reference to R.C. 1.51 and the judicial concepts upon which it is based are totally inapposite.

This conclusion is further supported by the decision of this court in *Walker* v. *Eastlake* (1980), 61 Ohio St. 2d 273, 275, 15 O.O. 3d 273, 275, 400 N.E. 2d 908, 909-910, wherein a unanimous court remarked:

"The language of R.C. 2506.01 is clear and unambiguous; the right of appeal described therein *is in addition to any other remedy of appeal provided by law.*

"It is abundantly clear that an appeal is available from a final order of a commission of a political subdivision of the state unless another statute, enacted subsequent to the enactment of R.C. 2506.01, clearly prohibits the use of this section. (See R.C. 1.52.)

"While the relevant portion of R.C. 124.34 was enacted after R.C. 2506.01, the language regarding appeals to Courts of Common Pleas contained therein is not mandatory or exclusive in nature. Nor does the language in R.C. 124.40, which states that '[t]he procedure applicable to reductions, suspensions, and removals as provided for in section 124.34 of the Revised Code, shall govern the civil service of cities,' make the provisions of R.C. 124.34 regarding use of R.C. 119.12 mandatory or exclusive. Use of R.C. 2506.01 is not precluded by either R.C. 124.34 or 124.40. Thus, the decision of the Civil Service Commission of Eastlake in the case at bar is appealable pursuant to R.C. 2506.01." (Emphasis *sic*.)

It is the contention of appellee that *Walker* involved the removal of a civil service employee and, inasmuch as an appeal thereof was available under R.C. 124.34, R.C. 2506.01 was not interpreted to provide remedies unavailable under the former section. This view, however, ignores the reasoning employed by the court in arriving at its conclusion. The language quoted above was not dependent on the facts of the underlying action. Rather, it involved the statutory construction of, and the interplay between, R.C. 124.34 and 2506.01. In this sense, it is totally irrelevant whether the action could have been appealed pursuant to R.C. 124.34. R.C. 2506.01 provides an additional avenue of relief.

We therefore hold that where the civil service commission of a municipality upholds the suspension of a classified employee for disciplinary reasons, that decision may be appealed

to the court of common pleas pursuant to R.C. 2506.01.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the common pleas court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., DOUGLAS and H. BROWN, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. We have previously ruled that no appeal is provided to the common pleas court from any order suspending a civil service employee except a member of a police or fire department. See *Anderson v. Minter* (1972), 32 Ohio St. 2d 207, 61 O.O. 2d 447, 291 N.E. 2d 457. Today, the majority tacitly overrules *Anderson, supra,* without good reason or rationale. Because I believe that *Anderson, supra,* correctly delineates the appeal rights available to civil service employees, I disagree for the reasons that follow.

R.C. 124.34, which sets forth the conditions of tenure of public employees and provides for appeals, in certain instances, to the civil service commission and the court of common pleas, reads as follows:

"In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. * * *

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas * * *."

The employment rights of *all* public employees are limited by this statutory language. While the General Assembly has provided that suspensions should be made only for cause, it has made no provisions for appeal of a suspension of less than three days, and it has vested final discretion regarding the propriety of suspensions of three days or more in the civil service commission. See *Anderson, supra,* at 211, 61 O.O. 2d at 449, 291 N.E. 2d at 460. As this court held in *Anderson, supra,* to find a right of appeal from a suspension "* * * would mean that the General Assembly intended to provide only for an appeal to the Civil Service Commission or the State Personnel Board of Review where the suspension exceeded five days [now three days] but intended to authorize an independent action in the Common Pleas Court where the suspension was five days [now three days] or less. We cannot conclude that the language actually employed would authorize such an anomalous result." *Id.* at 212, 61 O.O. 2d at 450, 291 N.E. 2d at 461.

Nevertheless, the majority persists in finding that suspensions of civil service employees may be reviewed in the court of common pleas pursuant to R.C. 2506.01 which provided in pertinent part:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located * * *.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any

other remedy of appeal provided by law."

Since R.C. 124.34 does not provide for review of civil service employee suspensions by the common pleas court, and R.C. 2506.01 suggests that all final orders from administrative officers and agencies are appealable, I think it is obvious that these two provisions conflict with each other. When two provisions conflict we must, of course, look to R.C. 1.51 which provides as follows:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, *the special or local provision prevails as an exception to the general provision,* unless the general provision is the later adoption and the manifest intent is that the general provision prevail." (Emphasis added.)

See, also, *Schisler* v. *Clausing* (1981), 66 Ohio St. 2d 345, 20 O.O. 3d 316, 421 N.E. 2d 1291.

R.C. 124.34 is a *specific* statute dealing with the suspension of civil service employees and their rights of appeal therefrom. R.C. 2506.01 is a *general* statute dealing with appeals from various bodies. Both statutes have been revised within the past year, but neither revision addressed the conflict noted above. I believe that under these circumstances, R.C. 124.34 must prevail and there is no jurisdiction for court of common pleas review of suspensions of civil service employees. In my view, appeals under R.C. 2506.01 lie only when they are not precluded by R.C. 124.34. See, also, *Marinchek* v. *Brunswick Civil Service Comm.* (1984), 20 Ohio App. 3d 247, 20 OBR 309, 485 N.E. 2d 790.

The majority's reliance on *Walker* v. *Eastlake* (1980), 61 Ohio St. 2d 273, 15 O.O. 3d 273, 400 N.E. 2d 908, is patently misplaced. *Walker* is factually distinguishable in that it involved the removal of an employee, which is clearly appealable under R.C. 124.34, and not a suspension which is, of course, the issue before us today.

For the foregoing reasons, I respectfully dissent from the majority opinion.

LOCHER and HOLMES, JJ., concur in the foregoing dissenting opinion.