NUSPL, APPELLANT, *v.* CITY OF AKRON ET AL., APPELLEES.

ANDERSON, APPELLANT, *v.* CITY OF AKRON ET AL., APPELLEES.

[Cite as *Nuspl v. Akron* (1991), 61 Ohio St.3d 511.]

512

(Nos. 90–763 and 90–2159—Submitted May 7, 1991—Decided August 21, 1991.)

*Harry A. Tipping Co., L.P.A.*, and *Harry A. Tipping*, for appellants.

*Max Rothal*, Director of Law, and *Elaine B. Davidson*, for appellees.

SWEENEY, J. Appellants assert that since an appeal from a decision of a civil service commission to a court of common pleas is not expressly prohibited by R.C. 2506.01 or any other statute, an appeal of the commission's decision is permitted. Appellants further submit that Section 5(2), Rule 2 of the Akron Civil Service Rules does not prohibit an appeal to the court of common pleas, and that, therefore, an appeal of a decision of the civil service commission is permitted under R.C. 2506.01 based on this court's reasoning in *Sutherland–Wagner v. Brook Park Civil Service Comm.* (1987), 32 Ohio St.3d 323, 512 N.E.2d 1170.

Appellees submit that Section 5(2), Rule 2 provides appellants with their exclusive remedy under law, and that *Sutherland–Wagner, supra,* is readily distinguishable from the instant causes because that case involved a disciplinary suspension, unlike the ineligibility determinations rendered herein.

R.C. 2506.01 provides as follows:

"*Every final order*, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state *may be reviewed by the court of common pleas* of the county in which the principal office of the political subdivision is located as

provided in Chapter 2505. of the Revised Code, except as modified by this chapter.

*"The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.*

"A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding." (Emphasis added.)

Section 5(2), Rule 2 of the Akron Civil Service Rules provides as follows:

"Any person who, by order of the Personnel Director, is denied permission to compete in any examination or whose examination is disqualified, may, within five (5) days after postmark of notice, rejection or disqualification, appeal in writing, to the Commission, for a review of such ruling. The Commission shall afford such appellant an opportunity to be heard in his own behalf."

In ruling on Nuspl's appeal, the appellate court opined: "We read nothing in *Sutherland–Wagner* which opens the door to R.C. 2506.01 appeals from any decision of local Civil Service Commissions for which no appeal is provided under R.C. 124.34 or the local rules."

In our view, the court of appeals below misconstrued our decision in *Sutherland–Wagner, supra.* In *Sutherland–Wagner,* we essentially stated that use of R.C. 2506.01 was not precluded by R.C. 124.34[1] because (1) R.C.

---

1. R.C. 124.34 states in pertinent part:

"The tenure of every officer or employee in the classified service of the state and the counties, civil service townships, cities, city health districts, general health districts, and city school districts thereof, holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office. * * *

"In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. In the event such an

124.34 did not prohibit an R.C. 2506.01 appeal, and (2) the appeal provided by R.C. 2506.01 is, by its express terms, additional to any other remedy provided by law. *Id.* at 325, 512 N.E.2d at 1172. Moreover, our opinion in *Sutherland–Wagner* relied on *Walker v. Eastlake* (1980), 61 Ohio St.2d 273, 275, 15 O.O.3d 273, 275, 400 N.E.2d 908, 909–910, wherein this court stated: "It is abundantly clear that an appeal is available from a final order of a commission of a political subdivision of the state unless another statute, enacted subsequent to the enactment of R.C. 2506.01, clearly prohibits the use of this section."

Appellees and the court of appeals below attempt to distinguish *Sutherland–Wagner* on the ground that it involved a disciplinary action, whereas the instant causes involve non-disciplinary actions. Under the circumstances herein, we find such a distinction to be wholly irrelevant. The defendant-appellee in *Sutherland–Wagner* also attempted to make a similar distinction with regard to the *Walker* decision. We rejected such distinction because of the simple fact that R.C. 2506.01 provides an aggrieved party an additional avenue of relief that is not expressly prohibited by a subsequently enacted statute.

A review of R.C. 124.34 reveals that nothing within its language prohibits the type of appeals undertaken herein. Likewise, Section 5(2), Rule 2 does not foreclose a further appeal from the decision of the Akron Civil Service Commission upon review of the order of the personnel director.

Therefore, we reaffirm our prior decision in *Sutherland–Wagner, supra,* and hold that where neither the local civil service rules nor state law prohibits an appeal from the decision of a civil service commission declaring a person ineligible to take a civil service examination, such decision may be appealed to the court of common pleas pursuant to R.C. 2506.01.[2]

Lastly, appellees contend that R.C. 2506.01 contemplates the allowance of appeals of proceedings of a "quasi-judicial" nature, and that the proceeding

---

appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code. " * * * "

2. In so holding, we necessarily reject the decisions rendered in *Marinchek v. Brunswick Civil Service Comm.* (1984), 20 Ohio App.3d 247, 20 OBR 309, 485 N.E.2d 790; and *Zazo v. Akron* (1987), 44 Ohio App.3d 1, 540 N.E.2d 733.

permitted by Section 5(2), Rule 2 does not contain the components necessary to qualify as a "quasi-judicial" proceeding.

In *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562, this court held in the second paragraph of the syllabus:

"Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence."

Section 5(2), Rule 2 states in relevant part that "[t]he Commission shall afford such appellant an opportunity to be heard in his own behalf."

Implicit in the foregoing provision are the requirements of notice to the appellant, and the opportunity for the appellant to state his or her case in a hearing, which would necessarily involve the introduction of evidence by way of exhibits and/or testimony. Thus, it is clear that the procedure set forth in the Akron Civil Service Rules is of the "quasi-judicial" nature contemplated in *Kelley, supra.*

Accordingly, we reverse the judgments of the court of appeals and remand the causes to the trial courts for further proceedings in accordance with this opinion.

*Judgments reversed*
*and causes remanded.*

DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. The majority here undertakes, and seemingly accomplishes, the rewriting and broadening of the majority opinion in *Sutherland–Wagner v. Brook Park Civil Service Comm.* (1987), 32 Ohio St.3d 323, 512 N.E.2d 1170. The syllabus law of that case was very limited and very specific: "Where the civil service commission of a municipality upholds the suspension of a classified employee for disciplinary reasons, that decision may be appealed to the court of common pleas pursuant to R.C. 2506.01."

There may be no appeal to the court of common pleas in this case. As to a non-disciplinary decision of the agency, if an independent right of appeal is not provided, then the appellants have no right of appeal under R.C. 2506.01. The city of Akron has provided in Sections 103 to 116 of its city charter for the operation of the Akron Civil Service Commission. This charter and the civil service commission rules exclusively govern the civil service commission and its operation. Section 5(2), Rule 2 of the Akron Civil Service Rules provides:

"Any person who, by order of the Personnel Director, is denied permission to compete in any examination, or whose examination is disqualified, may, within five (5) days after postmark of notice of rejection or disqualification, appeal in writing to the Commission for a review of such ruling. The Commission shall afford such appellant an opportunity to be heard in his own behalf."

This rule provides the exclusive remedy for someone who was denied permission to compete in an examination or to have an examination graded. No appeal to the court of common pleas is provided for in this section.

In contrast to the rule governing denials of permission to take an exam, Section 116 of the Akron City Charter and Section 4, Rule 10 of the Akron Civil Service Rules do provide that any decision by the civil service commission regarding a dismissal, suspension or demotion may be appealed to the court of common pleas. Section 4, Rule 10 of the Akron Civil Service Rules provides in pertinent part as follows:

"Section 4. DISMISSAL, SUSPENSION AND DEMOTION PROCEDURE

" * * *

"(5) FURTHER APPEAL: Either the employee or the appointing authority may appeal the Commission's action to the Court of Common Pleas within the time period allowed, pursuant to Ohio Revised Code Chapter 2506.

"The Personnel Director shall have an appeal directly to the Court of Common Pleas."

Reading these two rules together, it is clear that the civil service commission intended to provide for an appeal to the court of common pleas only in cases of dismissal, suspension, or demotion. Had the commission intended to include an appeal to the courts in cases involving eligibility to take an examination, it would have included such language in the rules. By not including such language, the commission has made it clear that the only procedure available in a case involving examination eligibility is an appeal to the civil service commission.

The majority opinion here improperly overbroadens the appeal provision of R.C. 2506.01 and is contrary to the syllabus law of *Sutherland–Wagner*, *supra*, and to all prior case law in Ohio. The decision concerning whether or not Anderson and Nuspl met the qualifications necessary to take the exam does not involve the exercise of discretion by the personnel director or the civil service commission. Section 106 of the Akron City Charter states, in part:

"It is hereby provided and the rules and regulations shall provide:

" * * *

"(5) For the rejection by the Personnel Director, by authority of the Commission, of candidates or eligibles who failed to meet reasonable qualification requirements * * *."

To take the exam, candidates were required to have either a four-year college degree in engineering or an engineer-in-training certificate. Anderson and Nuspl had neither. Therefore, they clearly did not meet the minimum requirements. This, then, was clearly a non-discretionary decision. Final decision-making authority on the issue of whether the minimum qualifications are met is properly left with the personnel director, subject to review by the civil service commission. Courts should not be overburdened with the appeals of such non-discretionary decisions.

Further, the right to an appeal pursuant to R.C. 2506.01 contemplates appeals from quasi-judicial proceedings only. *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562. The present appeal arose out of an administrative action that was not quasi-judicial in nature.

In *Kelley*, this court held as syllabus law:

"1. The review of proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only, and administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R.C. 2506.01. (*Fortner v. Thomas*, 22 Ohio St.2d 13 [51 O.O.2d 35, 257 N.E.2d 371], approved and followed.)

"2. Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence."

In *Kelley*, this court set forth three elements necessary for the act of the administrative agency to constitute a quasi-judicial proceeding: (1) notice, (2) a hearing and (3) the introduction of evidence, and thus subject the act to judicial review under R.C. 2506.01. *Kelley*, at 153, 61 O.O.2d at 395–396, 290 N.E.2d at 564–565. All three elements must be present. *Id.* Another factor which the court considered was whether the act involved the use of discretion. *Id.* at 153, 61 O.O.2d at 396, 290 N.E.2d at 564.

This court applied this test to the facts at issue in *DeLong v. Southwest School Dist. Bd. of Edn.* (1973), 36 Ohio St.2d 62, 65 O.O.2d 213, 303 N.E.2d 890. This court held that the action of a board of education in deciding not to re-employ a school teacher whose limited employment contract was due to expire is not a quasi-judicial proceeding subject to judicial review under R.C. 2506.01. *Id.* at 214, 65 O.O.2d at 214, 303 N.E.2d at 892. This court reasoned

that since the board of education was not required to provide the teacher with notice or an opportunity to be heard at the meeting where the re-employment was considered, the act by the board of not rehiring the teacher was not a quasi-judicial proceeding as defined in *Kelley, supra. Id.*

In the instant case, as in *DeLong, supra,* the civil service commission rules do not require that the personnel director provide the appellants with notice or an opportunity to be heard before the personnel director determines if appellants are qualified to take the exam. Therefore, this administrative decision clearly does not constitute a quasi-judicial proceeding.

The civil service rules do provide that within five days after postmark of notice of rejection, appeal may be made to the commission for a "review" of such ruling. The rules limit this "review" to an "opportunity to be heard in * * * [one's] own behalf." Section 5(2), Rule 2. Contrary to the situation in *Ohio Historical Society v. State Emp. Relations Bd.* (1990), 48 Ohio St.3d 45, 549 N.E.2d 157, the civil service rules do not grant the commission the power to receive evidence, nor do they order the taking of depositions or additional evidence at such an appeal. The commission's review does not require notice or the presentation of evidence. Thus, the "opportunity to be heard" that the civil service rules guarantee appellants does not rise to the level of a quasi-judicial proceeding. It was simply a review of the personnel director's decision based upon the information available to him at that time. Therefore, the common pleas court does not have jurisdiction to hear appellants' appeals of the civil service commission decisions under R.C. 2506.01.

In contrast, Section 4, Rule 10 of the Akron Civil Service Rules clearly provides that a hearing regarding a dismissal, suspension or demotion does require notice. Section 4(2), Rule 10 provides in pertinent part: "* * * Written notice of the time and place of the hearing shall be sent by first class mail to the charged employee."

Further, in the case of dismissal, suspension or demotion, Section 4(3), Rule 10 clearly defines the structure of the civil service commission hearing and gives the commission the power to receive evidence.

In that neither the personnel director's decision nor the civil service commission review was a quasi-judicial proceeding, the appellants have no right to a judicial review pursuant to R.C. 2506.01.

I would therefore affirm the judgments of the court of appeals.

MOYER, C.J., concurs in the foregoing dissenting opinion.

WRIGHT, J., dissenting. Today this court perpetuates the mistaken view found in *Sutherland–Wagner v. Brook Park Civil Service Comm.* (1987), 32

Ohio St.3d 323, 512 N.E.2d 1170. See *id.* at 326, 512 N.E.2d at 1173 (Wright, J., dissenting). Consequently I must again respectfully dissent.

R.C. 2506.01 is a statute general in nature. R.C. Chapter 124, on the other hand, contains the state's *specific* regulation of civil service employment. R.C. 1.51 requires that, in the event of irreconcilability, general provisions yield to special or local provisions. Accordingly, appellants' rights or lack of rights to appeal should be governed by R.C. Chapter 124, which in this instance provides no right to appeal to the court of common pleas.

The courts of this state are already overburdened. The General Assembly has provided an in-depth administrative scheme in R.C. Chapter 124 to deal with the problems in this case, and this court yet again ignores that legislative mandate.

For this reason and the reasons I set forth in my dissent to *Sutherland–Wagner, supra,* I must respectfully dissent.