[Cite as *State ex rel. Budgake v. Canton*, 2014-Ohio-903.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. | : | JUDGES: |
| ROBERT E. BUDGAKE, ET AL. | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Relators-Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | |
| CITY OF CANTON, ET AL. | : | Case No. 2013CA00111 |
| | : | |
| Respondents-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 2012CV01521

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 10, 2014

APPEARANCES:

For Relators-Appellants

DAVID L. DINGWELL
220 Market Avenue South
8th Floor
Canton, OH  44702

For Respondents-Appellees

KEVIN L'HOMMEDIEU
KRISTEN BATES AYLWARD
218 Cleveland Avenue, SW
P.O. Box 24218
Canton, OH  44701-4218

*Farmer, J.*

{¶1} Appellants, Robert Budgake, David Novelli, C. Daniel Millsap, Donis Alpeter, John Leiendecker, Jean Wackerly, Carol Ledford, Bonnie Vincent, Kim Harper, Douglas Foltz, and Marianne Rowles, were classified employees of the city of Canton for at least thirty years. Based upon discussions with supervisors and the city deputy auditor, Gary Young, appellants filed applications for PERS (Public Employees Retirement System) retirement benefits, but had no intentions of retiring. They continued working in their respective positions. On January 13, 2012, the employees were dismissed from their jobs for improper "rehiring" procedures.

{¶2} Appellants filed an appeal with The Canton Civil Service Commission for improper dismissal under R.C. 124.34. By order dated March 22, 2012, the Commission found it did not have jurisdiction to entertain the appeal as appellants were no longer classified employees and civil service law (R.C. 124.34) did not govern their dismissals.

{¶3} On April 9, 2012, appellants filed an administrative appeal with the Court of Common Pleas pursuant to R.C. 124.34 and 119.12, arguing they were classified employees even after their "retirements" and therefore civil service law applied (Case No. 2012-CV-01110). A month later, on May 11, 2012, appellants filed a writ of mandamus, making the same arguments, and arguing they did not have an adequate remedy at law (Case No. 2012-CV-01521). By judgment entry filed December 17, 2012, the trial court agreed with the Commission and dismissed the administrative appeal, finding it lacked subject matter jurisdiction. By judgment entry filed May 22,

2013, the trial court dismissed the mandamus action, finding appellants had an adequate remedy at law via an administrative appeal.

{¶4}    Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}    "THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANTS' PETITION FOR A WRIT OF MANDAMUS."

II

{¶6}    "THE TRIAL COURT ERRED BY NOT GRANTING APPELLANTS' PETITION FOR A WRIT OF MANDAMUS."

I

{¶7}    Appellants claim the trial court erred in dismissing their petition for a writ of mandamus.  We disagree.

{¶8}    Our standard of review on a dismissal of a writ of mandamus is de novo. *Athens County Commissioners v. Ohio Patrolmen's Benevolent Association,* 4th Dist. Athens No. 06CA49, 2007-Ohio-6895.  A de novo standard of review requires an independent review of the trial court's decision without any deference to the trial court's determination.  *Brown v. County Commissioners of Scioto County,* 87 Ohio App.3d 704 (4th Dist.1993).

{¶9}    For a court to grant a writ of mandamus, the relator must establish: (1) a clear legal right to the requested relief; (2) a clear legal duty to perform these acts on the part of the respondent; and (3) the lack of a plain and adequate remedy in the ordinary course of law.  *State ex rel. Neff v. Corrigan,* 75 Ohio St.3d 12, 1996-Ohio-231.

{¶10} In its judgment entry filed May 22, 2013, the trial court dismissed appellants' petition for a writ of mandamus, finding there existed an adequate remedy at law:

2. In reality, relators had no successful administrative appeal under the facts of this case but they did have a plain and adequate remedy in the ordinary course of the law. See R.C. 2731.05. *See also State ex rel. Reeves v. Indus. Comm.,* 53 Ohio St.3d 212, 213 (1990) (mandamus not available because the relator had an administrative appeal available, but chose not to pursue it); *State ex rel. Cartmell v. Dorrian*, 11 Ohio St.3d 177, 178 (1984) (mandamus not available because the relator had an administrative appeal but failed to timely file it).

3. The unusual facts of this case stem from relators' failed attempt to appeal (under R.C. 124.34(B) and 119.12 instead of R.C. Chapter 2506) the Canton Civil Service Commission's determination that it lacked jurisdiction.

4. Ohio law only requires that an adequate remedy was available under the law, whether correctly pursued or not, whether timely pursued or not, whether successfully pursued or not. Relators' arguments to the contrary are rejected.

{¶11} The termination orders issued to appellants by the Director of Public Safety, attached to the May 11, 2012 complaint as Exhibit 1, stated the following:

From the evidence presented at that hearing, I make in accordance with civil service law the following findings. You were originally hired into the city of Canton through a civil service process. You then voluntarily retired and terminated your employment with the city of Canton***and began collecting your pension from OPERS. You executed sworn documents to that effect.

You then executed sworn documents stating that you had been re-employed by the city of Canton on the next business day after your retirement and continued to work. I find that you never were legally re-employed in your position. First, as your appointing authority, you did not inform me and I had no knowledge of your retirement or "re-employment" and so, obviously, I did not re-hire you. Secondly, to be legally re-employed in your position, civil service laws and processes would have to be followed, and they were not.

{¶12} Appellants appealed to The Canton Civil Service Commission, alleging they were terminated without just cause. In an order dated March 22, 2012, the Commission dismissed the appeals, finding the following:

After deliberating the 11 appeals, the Commission ruled that the eleven employees had legally retired from their Civil Service positions and had not been rehired according to Ohio Civil Service Law and Canton Civil

Service Commission Rules and Regulations and, therefore, the Civil Service Commission had no jurisdiction to hear these appeals.

{¶13} Procedurally, after receiving this order, appellants filed an administrative appeal to the Court of Common Pleas pursuant to R.C. 124.34 and 119.12 (Case No. 2012CV01110). In its judgment entry filed December 17, 2012, the trial court found an appeal under R.C. 124.34 and 119.12 did not lie:

The Court finds appellees' October 18, 2012, motion to dismiss well taken. This Court lacks subject matter jurisdiction over appellant's appeal prosecuted pursuant to R.C. 124.34(B) and 119.12. In so holding, the Court adopts the legal analysis contained in appellees' (Canton Civil Service Commission and City of Canton) brief in support of their motion.

{¶14} As argued in the hearing before the Commission, appellees claimed the Commission (and subsequently the Court of Common Pleas) lacked subject matter jurisdiction because appellants were no longer classified employees and therefore not subject to civil service law. The retirement procedure in this case included the following facts as summarized by appellees' trial counsel (T. at 7-8 and 19):

Now, the problem with that is that those things actually didn't occur. And what we'll be showing you is the usual termination paperwork, the usual termination of employment that happens in our computers and in our

personnel files, did not happen. And, in fact, these people did not terminate employment. And, in fact, then they did not become rehired because you will see they did not come back to you it again, other than Nancy Smith, again as the exception, all in classified Civil Service positions. They did not come back to you to either retest or get an exceptional appointment. In most cases - - there is exceptions, Carol Ledford being one of them - - their bosses did not know they did this, so they also weren't reappointed by their bosses, so the re-employment aspect did not happen the way that Civil Service law says it must.

        ***

        But we didn't do that. And the city did not proceed in a disciplinary fashion against these folks. That's for other, other days and other thoughts. That's not anything that was going on here. And this wasn't processed as some sort of a disciplinary violation but merely as what's your employee status: Are you a classified civil servant as the you sit here today? Did you properly go through the proper procedures to get your job under state law and our local Civil Service law?


{¶15} R.C. Chapter 124 governs Department of Administrative Services, Personnel. Pursuant to R.C. 124.01(F), an "employee" is defined as: "any person holding a position subject to appointment, removal, promotion, or reduction by an appointing officer. 'Employee' does not include an officer, employee, or governor-appointed director of the nonprofit corporation formed under section 187.01 of the

Revised Code."   R.C.  124.01(C) defines "classified service" as "the competitive classified civil service of the state, the several counties, cities, city health districts, general health districts, and city school districts of the state, and civil service townships."  A "classified employee" is defined in R.C. 124.11(B) as follows:


(B) The classified service shall comprise all persons in the employ of the state and the several counties, cities, city health districts, general health districts, and city school districts of the state, not specifically included in the unclassified service.  Upon the creation by the board of trustees of a civil service township civil service commission, the classified service shall also comprise, except as otherwise provided in division (A)(17) or (C) of this section, all persons in the employ of a civil service township police or fire department having ten or more full-time paid employees.  The classified service consists of two classes, which shall be designated as the competitive class and the unskilled labor class.


{¶16} R.C. 124.11(A) provides that the "unclassified service" comprises thirty-two different categories, "which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter."

{¶17} Classified employees obtain their positions pursuant to R.C. 124.27 or 124.30 and as a result, benefit from the procedures guaranteed, including appeal rights under R.C. 124.34.  Unclassified employees serve at the pleasure of the appointing authority, even if they are in classified positions within the requirements of R.C.

124.30(B): "[p]ersons who receive temporary or intermittent appointments are in the unclassified civil service and serve at the pleasure of their appointing authority."

{¶18} Appeal rights do not vest to an unclassified employee under R.C. 124.34. Although the Commission's order does not explicitly state appellants were "unclassified employees," the finding of no jurisdiction is tantamount to such a finding.

{¶19} We note an appeal was not taken from the trial court's decision to dismiss the administrative appeal under the finding that an appeal pursuant to R.C. 124.34 was not the appropriate remedy (Case No. 2012-CV-01110). Therefore, pursuant to the doctrine of law of the case and for purposes of our review in this mandamus case, appellants were unclassified employees at the time of their removal.

{¶20} In their writ of mandamus to the trial court, appellants claimed they had no adequate remedy at law and therefore mandamus was their only remedy. Appellants requested re-instatement and back pay and benefits.

{¶21} R.C. 2506.01 governs appeal from decisions of any agency of any political subdivisions and states the following:

(A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the

principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

(B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

(C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

{¶22} Under the explicit terms of R.C. 2506.01, appellants herein could have appealed the decision of any political subdivision. In reviewing the most recent case law on the issue, we find the Supreme Court of Ohio's holding in *Nuspl v. City of Akron* and *Anderson v. City of Akron,* 61 Ohio St.3d 511 (1991), specifically clarified and reinstated its holding in *Sutherland-Wagner v. Brook Park Civil Service Commission,* 32 Ohio St.3d 323 (1987). Although these cases involved the refusal to grade the competitive merit examinations of appellants therein because they were ineligible to compete for failure to meet the minimum educational requirements for the position they were seeking, we find the holding controlling on the facts sub judice. Neither appellant was a classified employee and therefore neither case provided for an appeal under

R.C.124.34.   Both cases involved a complaint that the actions of the appointing authority were unlawful.  To our parallel facts, the syllabus of *Nuspl* applies:

Where neither the local civil service rules nor state law prohibits an appeal from the decision of a civil service commission declaring a person ineligible to take a civil service examination, such decision may be appealed to the court of common pleas pursuant to R.C. 2506.01 (*Sutherland–Wagner v. Brook Park Civil Service Comm.* [1987], 32 Ohio St.3d 323, 512 N.E.2d 1170, approved and followed.)

{¶23}  The *Nuspl* court explained at 514-515:

In our view, the court of appeals below misconstrued our decision in *Sutherland-Wagner, supra.*  In *Sutherland-Wagner,* we essentially stated that use of R.C. 2506.01 was not precluded by R.C. 124.34***because (1) R.C. 124.34 did not prohibit an R.C. 2506.01 appeal, and (2) the appeal provided by R.C. 2506.01 is, by its express terms, additional to any other remedy provided by law.  *Id.* at 325, 512 N.E.2d at 1172.  Moreover, our opinion in *Sutherland-Wagner* relied on *Walker v. Eastlake* (1980), 61 Ohio St.2d 273, 275, 15 O.O.3d 273, 275, 400 N.E.2d 908, 909-910, wherein this court stated: "It is abundantly clear that an appeal is available from a final order of a commission of a political

subdivision of the state unless another statute, enacted subsequent to the enactment of R.C. 2506.01, clearly prohibits the use of this section."

{¶24} The *Nuspl* court specifically held R.C. 2506.01 "provides an aggrieved party an additional avenue of relief that is not expressly prohibited by a subsequently enacted statute." *Id.* at 515.

{¶25} Appellants argue R.C. 145.563 is a subsequently enacted statute that vests total authority with PERS:

Notwithstanding section 145.561 of the Revised Code:

(A) The public employees retirement system may adjust an allowance or benefit payable under this chapter if an error occurred in calculation of the allowance or benefit;

(B) If any person who is a member, former member, contributor, former contributor, retirant, beneficiary, or alternate payee, as defined in section 3105.80 of the Revised Code, is paid any benefit or payment by the public employees retirement system, including any payment made to a third party on the person's behalf, to which the person is not entitled, the benefit or payment shall be repaid to the retirement system by the person or third party. If the person or third party fails to make the repayment, the retirement system shall withhold the amount or a portion of the amount due from any benefit or payment due the person or the person's

beneficiary under this chapter, or may collect the amount in any other manner provided by law.

{¶26} However, neither the relief requested nor the action of removal suggests that the funds distributed under PERS were unlawful. We therefore conclude R.C. 145.563 does not forestall an appeal under R.C. Chapter 2506.

{¶27} Upon review, we find the trial court did not err in dismissing appellants' mandamus action.

{¶28} Assignment of Error I is denied. Based upon our decision, Assignment of Error II is moot.

{¶29} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

SGF/sg212