[Cite as *Dublin City Schools Bd. of Edn. v. Union Cty. Bd. of Revision*, 2024-Ohio-3368.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

DUBLIN CITY SCHOOLS
BOARD OF EDUCATION,                         CASE NO. 14-24-02

     APPELLANT,

  v.

UNION COUNTY BOARD                          O P I N I O N
OF REVISION, ET AL.,

     APPELLEES.

DUBLIN CITY SCHOOLS
BOARD OF EDUCATION,                         CASE NO. 14-24-03

     APPELLANT,

  v.

UNION COUNTY BOARD                          O P I N I O N
OF REVISION, ET AL.,

     APPELLEES.

MARYSVILLE EXEMPTED VILLAGE
SCHOOLS BOARD OF EDUCATION,                 CASE NO. 14-24-04

     APPELLANT,

  v.

UNION COUNTY BOARD                          O P I N I O N
OF REVISION, ET AL.,

     APPELLEES.

**DUBLIN CITY SCHOOLS
BOARD OF EDUCATION,**                                 **CASE NO. 14-24-05**

      APPELLANT,

   v.

**UNION COUNTY BOARD**                               **O P I N I O N**
**OF REVISION, ET AL.,**

      APPELLEES.

---

**DUBLIN CITY SCHOOLS
BOARD OF EDUCATION,**                                 **CASE NO. 14-24-06**

      APPELLANT,

   v.

**UNION COUNTY BOARD**                               **O P I N I O N**
**OF REVISION, ET AL.,**

      APPELLEES.

---

**MARYSVILLE EXEMPTED VILLAGE
SCHOOLS BOARD OF EDUCATION,**                     **CASE NO. 14-24-07**

      APPELLANT,

   v.

**UNION COUNTY BOARD**                               **O P I N I O N**
**OF REVISION, ET AL.,**

      APPELLEES.

---

MARYSVILLE EXEMPTED VILLAGE
SCHOOLS BOARD OF EDUCATION,                    CASE NO. 14-24-08

    APPELLANT,

  v.

UNION COUNTY BOARD                            O P I N I O N
OF REVISION, ET AL.,

    APPELLEES.

DUBLIN CITY SCHOOLS
BOARD OF EDUCATION,                           CASE NO. 14-24-09

    APPELLANT,

  v.

UNION COUNTY BOARD                            O P I N I O N
OF REVISION, ET AL.,

    APPELLEES.

**Appeals from Union County Common Pleas Court**
**General Division**
**Trial Court Nos. 2023-CV-0163, 2023-CV-0168, 2023-CV-0167, 2023-CV-0165, 2023-CV-0166, 2023-CV-0161, 2023-CV-0162 and 2023-CV-0164**

**Judgments Affirmed**

**Date of Decision: September 3, 2024**

**APPEARANCES:**

*Kelley A. Gorry* **for Appellants**

*Catherine A. Cunningham* **for Appellee Pulte Homes of Ohio, LLC**

*Cecilia Hyun* **for Appellee for Jabell Realty, LLC**

*Jason P. Lindholm* **for Appellee Marysville Cherry, LLC**

*Philip D. Williamson* **for Appellee Arbors of Marysville Holdings, LLC**

**WALDICK, J.**

**{¶1}** In these consolidated appeals, the plaintiffs-appellants, Dublin City Schools Board of Education and Marysville Exempted Village School District Board of Education (the "school boards"), appeal the judgments entered against them in eight cases in the Union County Court of Common Pleas, wherein the trial court dismissed the school boards' appeals from decisions of the Union County Board of Revision. For the reasons set forth below, we affirm.

*Procedural Background*

*Case No. 14-24-02 (Trial Court Case No. 2023-CV-0163)*

*Case No. 14-24-03 (Trial Court Case No. 2023-CV-0168)*

*Case No. 14-24-04 (Trial Court Case No. 2023-CV-0167)*

*Case No. 14-24-05 (Trial Court Case No. 2023-CV-0165)*

*Case No. 14-24-06 (Trial Court Case No. 2023-CV-0166)*

*Case No. 14-24-07 (Trial Court Case No. 2023-CV-0161)*

*Case No. 14-24-08 (Trial Court Case No. 2023-CV-0162)*

*Case No. 14-24-09 (Trial Court Case No. 2023-CV-0164)*

{¶2} In each of the eight cases at issue in this appeal, either the Dublin City Schools Board of Education or the Marysville Exempted Village School District Board of Education filed a valuation complaint with the Union County Board of Revision ("BOR") for the tax year 2022. In those complaints, the school boards challenged the value of certain real property owned by the appellees-property owners, and raised constitutional challenges to several recently amended statutory provisions that impact the right of the school boards to file such complaints. In each case, the BOR dismissed or denied the complaint filed by the school board. In each case, the plaintiff school board appealed the BOR decision to the Union County Court of Common Pleas. The common pleas court subsequently dismissed the appeal in each case, finding that the school board lacked statutory standing to bring the appeal. The school boards then filed the instant appeals of the trial court's decisions of dismissal. This Court subsequently ordered that the eight appeals be consolidated for transcript of proceedings, briefing and oral argument, with filings to be in Case No. 14-24-02.

{¶3} In these consolidated appeals, the appellants raise two assignments of error.

### First Assignment of Error

**The Union County Common Pleas Court erred in holding that R.C. 5717.05 prohibited the Board of Educations' appeals pursuant to R.C. 2506.01 because the Supreme Court has repeatedly held that an appeal pursuant to R.C. 2506.01 is available unless directly prohibited by another subsequently enacted statute.**

### Second Assignment of Error

**The Union County Common Pleas Court erred in failing to recognize that the Boards of Education have statutory authority to appeal pursuant to R.C. 2506.01.**

{¶4} The issue raised in both assignments of error, which we shall jointly address, is whether R.C. 2506.01 grants standing to a board of education to appeal a county board of revision decision to the common pleas court when the real property at issue in the case is not owned by the board of education.

{¶5} The issue before us in these appeals stems from the passage of H.B. 126 in April of 2022. That legislation, effective July 21, 2022, contained amendments to Ohio Revised Code Chapter 5717 which imposed significant restrictions on the activities of local boards of education in pursuing real estate valuation appeals.

{¶6} One statutory section amended by H.B. 126, R.C. 5717.01, formerly permitted decisions of a county board of revision to be appealed to the Board of Tax Appeals "by the county auditor, the tax commissioner, or any board, legislative

authority, public official, or taxpayer authorized by section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor." However, H.B. 126 amended R.C. 5717.01 to limit the parties authorized to file such appeals, with the amended version of R.C. 5717.01 reading in relevant part as follows:

> An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed * * *. Such an appeal may be taken by the county auditor, the tax commissioner, or any board, legislative authority, public official, or taxpayer authorized by section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor, *except that a subdivision that files an original complaint or counter-complaint under that section with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint*. (Emphasis added.)

{¶7} Thus, pursuant to R.C. 5717.01 as amended, in order to now appeal a county board of revision decision to the Board of Tax Appeals, the appellant cannot be an entity, such as a board of education, that does not own or lease the property at issue in the original complaint.

{¶8} Once the amendment to R.C. 5717.01 foreclosed the right of a board of education to appeal county board of revision decisions regarding property not owned or leased by the school board to the Board of Tax Appeals, boards of education have begun to litigate the impact of the restriction on appeals effectuated by H.B. 126.

{¶9} In particular, as is presented here, one issue raised in recent cases filed by boards of education throughout Ohio is whether a school board is now able to file appeals in courts of common pleas of BOR decisions involving property not owned or leased by the school board. In the cases before us, the school boards assert they have standing to file such appeals in a court of common pleas pursuant to R.C. 2506.01 and argue that the Union County Court of Common Pleas erred in ruling to the contrary and in dismissing their appeals.

{¶10} We begin our analysis by noting that R.C. 5717.05 provides an alternative right to appeal decisions of a county BOR to a court of common pleas, instead of to the Board of Tax Appeals, but R.C. 5717.05 limits that right to persons "in whose name the property is listed or sought to be listed."

{¶11} As a school board can no longer appeal BOR decisions relating to property not owned or leased by the school pursuant to R.C. 5717.01 as amended by H.B. 126, and because R.C. 5717.05 similarly limits BOR appeals to a court of common pleas to potential appellants who own the real property at issue, the school boards in this case assert that they now have standing to appeal to a court of common pleas in such instances pursuant to R.C. 2506.01. We disagree.

{¶12} "Standing determines 'whether a litigant is entitled to have a court determine the merits of the issues presented.'" *Moore v. Middletown*, 2012-Ohio-3897, ¶ 20, quoting *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.,* 2012-Ohio-1861, ¶ 10. "Whether a party has established standing

to bring an action before the court is a question of law, which we review de novo."

*Id.*, citing *Cuyahoga Cty. Bd. Of Commrs. v. State*, 2006-Ohio-6499, ¶ 23.

{¶13} R.C. 2506.01 governs appeals from administrative decisions of agencies of political subdivisions, and provides:

> (A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

> (B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

> (C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

{¶14} Pursuant to Article IV, Section 4(B) of the Ohio Constitution, "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." "[There is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute." *Yanega v. Cuyahoga Cty. Bd. of Revision*, 2018-Ohio-5208,

¶ 10, citing *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894 (2001).

{¶15} The precise issue raised in the instant appeals was recently addressed in *Westerville City Sch. Dist. Bd. of Educ. v. Delaware Cty. Bd. of Revision*, 2024-Ohio-1567 (5th Dist.). In that case, our colleagues in the Fifth District set forth the following analysis:

> This Court recognizes that R.C. § 2506.01 "'does not address the question of *who* has standing to bring such an appeal.'" (Emphasis sic.) *Myers v. Clinebell*, 6th Dist. Sandusky No. S-98-048, 1999 WL 300620, (May 14, 1999), quoting *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992). We construe the plain, clear and unambiguous language of R.C. § 2506.01 its usual and customary meanings. *Medcorp, Inc. v. Ohio Dept. of Job & Family Servs.*, 121 Ohio St.3d 622, 2009-Ohio-2058, 906 N.E.2d 1125, ¶ 9. "'[I]t is the duty of the court to give effect to the words used, not to delete words used or insert words not used.'" *Westgate Shopping Village v. Toledo*, 93 Ohio App.3d 507, 517-18, 639 N.E.2d 126 (6th Dist.1994), quoting *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991).
>
> R.C. § 2506.01 does not create a cause of action where none otherwise exists. Regarding administrative appeals under R.C. § 2506.01, Ohio courts require a party to identify a statutory provision that expressly authorizes the filing of an appeal. *Yanega v. Cuyahoga Cty. Bd. of Revision,* 156 Ohio St.3d 203, 2018-Ohio-5208, 124 N.E.3d 806, ¶ 10 ("there is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute"). This statutory permission cannot come from R.C. § 2506.01 itself. *JRB Holdings, LLC v. Stark Cty. Bd. of Revision,* 5th Dist. Stark No. 2021CA00144, 2022-Ohio-1646, ¶11-18, (looking beyond R.C. Chapter 2506 to determine whether an appeal from a board of revision is permitted).
>
> Rather, that authority must arise from another statutory provision. *See also Hamer v. Danbury Twp. Bd. of Zoning Appeals,* 6th Dist. Lucas No. L-19-1210, 2020-Ohio-3209, 155 N.E.3d 218, 155 N.E.3d 218,

¶10 ("jurisdiction over an administrative appeal is improper unless granted by R.C. 119.12 or other specific statutory authority"), quoting *Nkanginieme v. Ohio Dept. of Medicaid,* 10th Dist. Franklin No. 14AP-596, 2015-Ohio-656, 29 N.E.3d 281, ¶ 15.

R.C. § 2506.01 is a general statute dealing with appeals from various bodies. R.C. § 5717.01, on the other hand, is a special statute specifically dealing with board of revision property valuations and rights of appeal therefrom. Under such circumstances, R.C. § 5717.01 prevails and is exclusively applicable. As set forth by the Ohio Supreme Court in *Acme Engineering Co. v. Jones* (1948), 150 Ohio St. 423, 83 N.E.2d 202:

> A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision. (*State, ex rel. Steller et al., Trustees v. Zangerle, Aud.*, 100 Ohio St. 414, 126 N.E. 413, and paragraph one of the syllabus in *State, ex rel. Elliott Co. v. Connar, Supt.*, 123 Ohio St. 310, 175 N.E. 200, approved and followed.)

*See also Ruprecht v. City of Cincinnati*, 64 Ohio App.2d 90, 92–93, 411 N.E.2d 504, 507 (1st Dist.1979).

We further find that the Supreme Court of Ohio's holdings in *Nuspl v. City of Akron* and *Anderson v. City of Akron,* 61 Ohio St.3d 511, 575 N.E.2d 447 (1991), *Sutherland–Wagner v. Brook Park Civil Service Commission,* 32 Ohio St.3d 323, 512 N.E.2d 1170 (1987) and *Walker v. Eastlake* (1980), 61 Ohio St.2d 273, 275, 400 N.E.2d 908, 909-910, provide that "an appeal is available from a final order of a commission of a political subdivision of the state unless another statute, enacted subsequent to the enactment of R.C. 2506.01, clearly prohibits the use of this section." The *Nuspl* court specifically held R.C. § 2506.01 "provides an aggrieved party an additional avenue of relief that is not expressly prohibited by a subsequently enacted statute." *Id.* at 515.

> Here, we find that R.C. § 5717.01 (and R.C. § 5717.05) was enacted subsequent to R.C. § 2506.01 and that such statute, through its newly enacted revisions, prohibits an appeal from a decision of the board of revision by a board of education to either the BTA or the common pleas court.

*Westerville City Sch. Dist. Bd. of Educ., supra*, at ¶¶ 38-44.

**{¶16}** We find the analysis of the Fifth District to be both thorough and persuasive, and therefore adopt and incorporate that reasoning in our review of the cases before us. We further note that the Eighth District Court of Appeals has also reviewed this issue and similarly held that R.C. 2506.01 does not confer standing on a school board to appeal a board of revision decision to the court of common pleas when the school board does not own the real property at issue. *Bedford City Schools Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 2014-Ohio-1894 (8th Dist.).

**{¶17}** For the above-stated reasons, and upon the basis of the authority cited, we find that R.C. 2506.01 does not confer standing upon the school boards in these cases to appeal the board of revision decisions to the common pleas court.

**{¶18}** Thus, having determined that the school boards in these cases are without standing to appeal pursuant to R.C. 2506.01, we find no error in the trial court's decisions dismissing the appeals filed in that court by appellants. The two assignments of error are overruled.

Case Nos. 14-24-02, 03, 04, 05, 06, 07, 08, 09

*Conclusion*

**{¶19}** Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgments of the Union County Court of Common Pleas are affirmed.

***Judgments affirmed.***

**ZIMMERMAN and MILLER, J.J., concur.**

/jlm