[Cite as *JRB Holdings, L.L.C. v. Stark Cty. Bd. of Revision*, 2022-Ohio-1646.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JRB HOLDINGS, LLC | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| STARK COUNTY BOARD OF | : | Case No. 2021CA00144 |
| REVISION, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2021-CV-01312


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            May 17, 2022


APPEARANCES:

For Plaintiff-Appellant                  For Defendants-Appellees

J. DOUGLAS DRUSHAL                       KYLE L. STONE
225 North Market Street                  PROSECUTING ATTORNEY
P.O. Box 599                             STARK COUNTY, OHIO
Wooster, OH  44691
                                         By: LISA A. NEMES
                                         JOEL M. BLUE
                                         110 Central Plaza South, Suite 510
                                         Canton, OH  44702

                                         ROBERT M. MORROW
                                         612 Park Street, Suite 300
                                         Columbus, OH  43215

*Wise, Earle, P.J.*

{¶ 1}   Plaintiff-Appellant, JRB Holdings, LLC, appeals the November 10, 2021 judgment entry of the Court of Common Pleas of Stark County, Ohio, granting the motion to dismiss filed by Defendants-Appellees, Stark County Board of Revision and Stark County Auditor.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant owns real estate in Massillon, Alliance, and North Canton, Ohio. On March 30, 2021, appellant, pro se, filed four complaints with the Stark County Board of Revision challenging the Stark County Auditor's valuation of its property.   The four complaints corresponded to property located in four school districts, Perry Local School District, Marlington Local School District, Alliance City School District, and North Canton City School District.   Each board of education for each school district filed counter-complaints.   A hearing on all four complaints and counter-complaints was held on August 11, 2021.   By decision dated August 19, 2021, the board of revision denied appellant's complaints.

{¶ 3}   On September 15, 2021, appellant, represented by an attorney, filed an administrative appeal with the trial court.   Appellant named as appellees Stark County Board of Revision, Stark County Auditor, Gary Ziegler on behalf of Stark County Auditor, Stark County Treasurer, Stark County Commissioners, and Chip Conde on behalf of Stark County Commissioners.   Appellant did not name the four boards of education for the four school districts.

{¶ 4}   On October 5, 2021, the board of revision and auditor filed a motion to dismiss, claiming appellant failed to name all parties to the administrative proceeding as appellees (the four school districts), and failed to serve each of them with a notice of

appeal. On October 7, and 12, 2021, each of the four school districts filed a notice of appearance. On October 14, 2021, the four school districts filed a memorandum in support of the motion to dismiss. On October 19, 2021, appellant filed a memorandum in opposition, claiming it never received notice from the board of revision identifying the four school districts and was never served with the counter-complaints. Appellant argued the motion should be denied or in the alternative, it should be permitted to amend its notice of appeal to include the four school districts. By judgment entry filed November 10, 2021, the trial court found appellant failed to comply with the mandatory jurisdictional requirements of R.C. 5717.05 and therefore it lacked jurisdiction to hear the appeal. The trial court granted the motion and dismissed the appeal.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS AGAINST APPELLANT FOR FAILING TO NAME THE FOUR SCHOOL DISTRICTS AS PARTIES IN THE NOTICE OF APPEAL."

II

{¶ 7} "THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT IS NOT ENTITLED TO AMEND ITS NOTICE OF APPEAL IN LIGHT OF THE DECISION IN *ROBERTS V. CLINTON COUNTY AUD.*"

I

{¶ 8} In his first assignment of error, appellant claims the trial court erred in granting the motion to dismiss. We disagree.

{¶ 9}　In its judgment entry filed November 10, 2021, the trial court dismissed appellant's appeal pursuant to Civ.R. 12(B)(1), lack of jurisdiction of the subject matter.

{¶ 10} "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock,* 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).　We review an appeal of a dismissal under Civ.R. 12(B)(1) de novo.　*Moore v. Franklin County Children Services*, 10th Dist. Franklin No. 06AP-951, 2007-Ohio-4128, ¶ 15.

{¶ 11} "The right to appeal an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute."　*Midwest Fireworks Manufacturing Co. v. Deerfield Township Board of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894, 897 (2001).　R.C. 2506.01 governs appeal from decisions of any agency of any political subdivision.　Subsection (A) states:

> Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

{¶ 12} R.C. 5717.05 specifically governs appeal from decision of county board of revision to court of common pleas and states the following in pertinent part:

As an alternative to the appeal provided for in section 5717.01 of the Revised Code [appeal to board of tax appeals], an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived.

{¶ 13} In *Huber Heights Circuit Courts, Ltd. v. Carne,* 74 Ohio St.3d 306, 307, 658 N.E.2d 744, the Supreme Court of Ohio found the "statutes prescribing how to appeal tax matters as jurisdictional, not procedural; consequently, we read requirements of R.C. 5717.05 as jurisdictional."

{¶ 14} In *Huber Heights,* the complainant filed complaints with the board of revision challenging the valuations of three properties. The local board of education filed counter-complaints. Following a hearing, the board of revision dismissed the complaints. Administrative appeals were filed with the common pleas court under R.C. 5717.05. The appellants did not name the board of education as an appellee or serve the board of education with a copy of the notices of appeal. The trial court dismissed the appeals for the appellants' failure to name and serve the board of education. On appeal, the Supreme

Court of Ohio affirmed the dismissals, holding: "R.C. 5717.05 sets forth who may appeal, how one appeals, whom the appellant names as appellees, and how the appellant serves appellees with notice of the appeal.  We read this statute as mandatory and jurisdictional." *Id.* at 308.

{¶ 15} In the case sub judice, appellant also failed to name the four boards of education as appellees, and failed to serve them with notices of appeal.  In its appellate brief at 11, appellant argues it did not receive any notices "from the Board of Revision regarding the filing of any counter-complaints or the identity of who filed counter-complaints."  A review of the administrative record belies appellant's arguments.

{¶ 16} The counter-complaints filed by each of the four boards of education clearly indicated the name and address of the school district filing the counter-complaint.  The counter-complaints listed appellant as the "Owner of property," and the form stated, "Notices will be sent only to those named below."  Appellant was "named below."  Each counter-complaint was given the same case number as the original corresponding complaint with the addition of a "C" at the end of the number.  Eight hearing notices were sent to appellant on June 8, 2021, in compliance with R.C. 5715.19(C); four listed appellant's original case number and four listed the case numbers for the corresponding counter-complaints.  Each hearing notice and final decision sent to appellant clearly identified the school district.  In addition, the audio recording of the hearing before the board of review was contained in the record as Exhibit E.  At the start of the hearing, each original case number was announced as well as each counter-complaint number.  Each board of education for each school district was identified with respect to its corresponding counter-complaint.  Appellant's agent was present for this hearing.  The attorney representing the school districts was present and identified.  Appellant's agent was cross-

examined by this attorney. In its September 15, 2021 Notice of Administrative Appeal at ¶ 5, 15, 25, 35, appellant acknowledged the "School Board Attorney" was present at the hearing.

{¶ 17} In its November 10, 2021 judgment entry, the trial court found appellant "failed to comply with the provisions of R.C. 5715.05 which mandate who must be named in the appeal and how they must be served." The trial court concluded appellant's failure to make the four school districts "appellees in this administrative appeal constitutes a jurisdictional defect that deprives this Court of jurisdiction." Given the language of R.C. 5717.05 and the decision in *Hubert Heights, supra,* we concur with the trial court's analysis and decision.

{¶ 18} Upon review, we find the trial court did not err in granting appellees' Civ.R. 12(B)(1) motion to dismiss the complaint.

{¶ 19} Assignment of Error I is denied.

II

{¶ 20} In his second assignment of error, appellant claims the trial court erred in finding it could not amend its notice of appeal. We disagree.

{¶ 21} In its November 10, 2021 judgment entry, the trial court found the time to file the notice of appeal had passed and it did not have procedural or substantive jurisdiction because of appellant's failure to properly perfect the appeal. In support, the trial court cited *McClintick v. Summit County Board of Revision,* 9th Dist. Summit No. 23615, 2007-Ohio-5110. In *McClintick,* the appellants, as in this case, failed to name the local board of education in its notice of appeal. The appellants argued although they filed an amended notice of appeal well over two months after the board of revision's decision was mailed, it complied with the statute because the amended notice was filed before the

appeal was dismissed.  In denying this argument, the *McClintick* court stated the following at ¶ 8:

> Appellants have attempted to distinguish their case from *Huber Hts.* because they accomplished service on Woodridge before their case was dismissed.  However, Appellants have cited no authority for this interpretation of this statute and have failed to persuade us to depart from precedent.  See, also, *Luther Hills Ltd. v. Lucas Cty. Bd. of Revisions* (May 5, 2000), 6th Dist. No. L-99-1325 (holding that the trial court lacked jurisdiction to permit the appellant to amend its appeal to change the name of the appellee because the appellant's initial failure to name the proper school district was jurisdictionally fatal); *Chesterland Prods., PPL v. Wayne Cty. Bd. of Revision,* 9th Dist. No. 05CA00032, 2006-Ohio-71 (holding that the common pleas court lacked jurisdiction over the appellee's appeal brought pursuant to R.C. 5717.05 where the appellee failed to satisfy all of the statutory requirements to perfect its appeal by failing to name the board of education in its appeal).

{¶ 22} Pursuant to R.C. 5717.05, appellant was required to file a notice of appeal "within thirty days after notice of the decision of the board is mailed."  The board of revision decisions were mailed on August 19, 2021.  Appellant's notice of appeal was timely filed on September 15, 2021, but it failed to comply with the requirements of R.C. 5717.05.  Appellant had until September 20, 2021 to file an amended notice of appeal to comply

with the statute. Appellant sought leave to amend its notice of appeal on October 19, 2021, well beyond the thirty day time limit.

{¶ 23} Appellant failed to file a timely amended notice of appeal. The trial court was without jurisdiction to permit an amended notice of appeal almost thirty days past the deadline.

{¶ 24} In support of its argument, appellant cites *Roberts v. Clinton County Auditor,* 12th Dist. Clinton Nos. CA2007-03-012 through CA2007-03-019, 2008-Ohio-535. We find *Roberts* to be distinguishable from this case. In *Roberts,* the hearing notice issued by the board of revision was deficient and failed to inform the appellants "of the time and place of the hearings on the BOE complaints." *Id.* at ¶ 26. Therefore, the appellants were not placed on notice of the board of education's participation and the appellants were permitted to amend their notice of appeal to include the board of education. Such is not the case herein. The hearing notices issued by the board of revision were sufficient to place appellant on notice of the participation of the four school districts.

{¶ 25} Upon review, we find the trial court did not err in finding appellant could not amend its notice of appeal.

{¶ 26} Assignment of Error II is denied.

{¶ 27} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Hoffman, J. concur.


EEW/db