[Cite as *Olentangy Local School Dist. Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 2024-Ohio-1563.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION | JUDGES: Hon. John W. Wise, P.J. Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | Hon. Andrew J. King, J. |
| -vs- | Case Nos. 23 CAE 09 0063, 0064, 0065, 0066, 0068, 0071, 0072, 0073, 0074, 0075, 0076, 0081 |
| DELAWARE COUNTY BOARD OF REVISION, ET AL. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common Pleas, Case Nos. 23 CVF 060374, 060375, 060376, 060377, 060379, 060382, 060383, 060384, 060385, 060386, 060387, 060392

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:       April 23, 2024

APPEARANCES:

For Plaintiff-Appellant

MARK H. GILLIS
KELLEY A. GORRY
RICH & GILLIS LAW GROUP, LLC
5747 Perimeter Drive
Suite 150
Dublin, Ohio 43017

For Appellees BOR and Auditor

MICHAEL P. CAVANAUGH
ASSISTANT PROSECUTOR
145 North Union Street, 3rd Floor
P. O. Box 8006
Delaware, Ohio 43015

For Defendant-Appellee Northpark

MATTHEW S. ZEIGER
DAVID P. LYONS
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215

For Appellee Lewis Center Orange

KRISTOPHER NICOLOFF
SIEGEL JENNINGS CO., LPA
23425 Commerce Park Drive
Suite 103
Cleveland, Ohio 44122

Delaware County, Case Nos. 23 CAE 09 0063, 0064, 0065, 0066, 0068, 0071, 0072, 0073, 0074, 0075, 0076, 0081

For Appellee Col. Classical Acad.

AMY D. VOGEL
TAFT STETTINIUS & HOLLISTER
41 South High Street, Suite 1800
Columbus, Ohio  43215

For Appellee Chasetek, Melrose & Solomon

CECILIA HYUN
SIEGEL JENNINGS CO., LPA
23425 Commerce Park Dr., Suite 103
Cleveland, Ohio  44122

For Appellee Redwood Powell

STEVEN R. GILL
SLEGGS, DANZINGER
&  GILL CO., LPA
800 West Superior Avenue
7TH Floor
Cleveland, Ohio  44113

For Northport and PSLC

LAUREN M. JOHNSON
NICHOLAS RAY
STEVEN SMISEK
VORYS SATER SEYMOUR & PEASE
52 East Gay Street
Columbus, Ohio  43215

*Wise, P. J.*

**{¶1}** Plaintiff-Appellant Olentangy Local School Board of Education appeals the decision of the Delaware County Court of Common Pleas dismissing its Complaints challenging the 2022 tax value of certain real property.

**{¶2}** Defendants-Appellees are Delaware County Auditor, Delaware County Board of Revision, and the following property owners: Northpark Endeavors, LLC, Lewis Center Orange, LLC, Northport Place, LLC, Columbus Classical Academy, PSLC Enterprises, Chasetek, LLC, Peachblow Road, LTD, Redwood Powell Home Road OH P1, LLC, and Melrose Westar Holdings, LLC.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** In 2022, Olentangy Local School District Board of Education filed numerous original valuation Complaints with the Delaware County Board of Revision for tax year 2022, challenging the true value of certain real property and seeking an increase in the value of properties owned by the Property Owners Appellees herein.

**{¶5}** The Board of Revision did not hold a hearing on the Board of Education's Complaints and issued decisions dismissing the Board of Education's complaints "due to lack of subject matter jurisdiction" for noncompliance with R.C. §5715.19(A)(6)(a)(i).

**{¶6}** The Board of Education appealed these decisions to the Delaware County Common Pleas Court as an administrative appeal pursuant to R.C. §2506.01.

**{¶7}** Shortly after commencing its appeals to the Common Pleas Court, the Board of Education moved the court to stay its appeals based on an action pending before the Board of Tax Authority in a related appeal by a third-party taxpayer complainant, and

Delaware County, Case Nos. 23 CAE 09 0063, 0064, 0065, 0066, 0068, 0071, 0072, 0073, 0074, 0075, 0076, 0081    4

a declaratory judgment action pursuant to R.C. Chapter 2721 pending in the Franklin County Common Pleas Court.

{¶8} Appellees Property Owners filed Motions to Dismiss in each case, arguing a lack of jurisdiction.

{¶9} The trial court denied Appellant's motions for a stay and granted the Property Owners' motions to dismiss, finding that Appellant lacks statutory standing to file an appeal with the Common Pleas Court under R.C. §2506.01.

{¶10} Appellant Olentangy Local School District Board of Education filed an appeal in each case with the following identical assignments of error:

**ASSIGNMENTS OF ERROR**

{¶11} "I. THE DELAWARE COUNTY COMMON PLEAS COURT ERRED IN HOLDING THAT R.C. 2506.01 DOES NOT CREATE AN INDEPENDENT STATUTORY RIGHT OF APPEAL, IN DIRECT CONTRAVENTION OF THE PLAIN LANGUAGE OF THE STATUTE AND LONG-STANDING SUPREME COURT PRECEDENT.

{¶12} "II. THE DELAWARE COUNTY COMMON PLEAS COURT COMMITTED LEGAL ERROR IN CITING *JRB HOLDINGS, LLC V. STARK CTY. BD. OF REVISION,* 5TH DIST. STARK NO. 2021CA00144, 2022-OHIO-1646, *HAMER V. DANBURY TWP. BD. OF ZONING APPEALS,* 2020-OHIO-3209, 155 N.E.3D 218 (6TH DIST.), AND *NKANGINIEME V. OHIO DEP'T OF MEDICAID,* 2015-OHIO-656, 29 N.E.3D 281 (10TH DIST.) AS SUPPORT FOR ITS HOLDING THAT R.C. 2506.01 DOES NOT CREATE AN INDEPENDENT STATUTORY RIGHT OF APPEAL.

{¶13} "III. THE DELAWARE COUNTY COMMON PLEAS COURT ERRED IN HOLDING THAT A BOARD OF EDUCATION LACKS STATUTORY STANDING TO

APPEAL A DECISION OF A COUNTY BOARD OF REVISION TO THE COMMON PLEAS COURT AS AN ADMINISTRATIVE APPEAL PURSUANT TO R.C. 2506.01."

**I., II., III.**

{¶14} The issue before this Court is whether the Delaware County Common Pleas Court erred in holding that a board of education lacks statutory authority to appeal a decision of a county board of revision to the common pleas court as an administrative appeal pursuant to R.C. §2506.01.

*Statutory Background*

{¶15} This appeal presents an issue of statutory construction occasioned by the passage of H.B.126, which took effect on July 21, 2022. H.B. 126 imposed severe restrictions on the participation of boards of education in ad valorem real property tax proceedings and enacted a series of new procedural and substantive requirements for boards of education filing valuation complaints. *See* R.C. §5715.19(A)(6). Among the most severe of the new restrictions, the General Assembly eliminated the right of boards of education (and other public entities and political subdivisions authorized to participate in board of revision cases) to appeal decisions of boards of revision to the Board of Tax Appeals (BTA) pursuant to R.C. §5717.01.

{¶16} Previously, R.C. §5717.01 allowed boards of education to appeal board of revision decisions to the BTA:

> An appeal from a decision of a county board of revision may be
> taken to the board of tax appeals .... Such an appeal may be taken by the
> county auditor, the tax commissioner, or any board, legislative authority,
> public official, or taxpayer authorized by section 5715.19 of the Revised

Code to file complaints against valuations or assessments with the auditor.

**{¶17}** In its relevant part, the revisions to R.C. §5717.01 read:

An appeal from a decision of a county board of revision may be taken to the board of tax appeals *** Such an appeal may be taken by the county auditor, the tax commissioner, or any board, legislative authority, public official, or taxpayer authorized by section 5715.19 of the Revised Code to file complaints again valuation or assessments with the auditor, except that a subdivision that files an original complaint or counter-complaint under that section with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint. R.C. §5717.01, amended by H.B. 126.

**{¶18}** It is undisputed that H.B. 126's elimination of a board of education's right to appeal to the BTA applies to boards of education filing "original complaints" and "counter-complaints" as those terms are now defined by newly enacted R.C. §5715.19 after the effective date of H.B. 126.

**{¶19}** It is also undisputed that H.B. 126 did not amend R.C. §5717.05 which provides an additional avenue for an appeal of a board of revision decision to the county common pleas court "as an alternative to the appeal provided for in section 5717.01" to the BTA "by the person in whose name the property is listed or sought to be listed for taxation" (i.e. the property owner). *See* R.C. §5717.05. The General Assembly has not amended R.C. §5715.05 since its enactment in 1989. *See* R.C. §5717.05.

{¶20} Appellant herein concedes that prior to the amendment of R.C. §5717.01 by H.B. 126, the Board of Education did not have a statutory right to appeal a decision of a board of revision to the common pleas court pursuant to R.C. §2506.01 because R.C. §2506.01(C) specifically provides that an appeal is not available from a "decision from which an appeal is granted by *** statute to a higher administrative authority if a right to a hearing on appeal is provided ***" and because an appeal to the BTA pursuant to R.C. §5717.01 routinely provides for a hearing on appeal, R.C. §5717.01 precluded an appeal under R.C. §2506.01. Appellant argues, however, that when H.B. 126 removed the Board of Education's right of appeal to the BTA pursuant to R.C. §5717.01, it opened up an avenue for the Board of Education to appeal to the Common Pleas Court pursuant to R.C. §2506.01.

### Standing

{¶21} It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue. *Ohio Contractors Assn. v. Bicking*, 71 Ohio St.3d 318, 320 (1994).

{¶22} "The right to appeal an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute." *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894, 897 (2001), citing *Roper v. Bd. of Zoning Appeals, Richfield Tp., Summit Cty.*, 173 Ohio St. 168, 173, 180 N.E.2d 591 (1962).

{¶23} "Because one cannot appeal an administrative order absent statutory authority, the trial court has no jurisdiction to hear a case unless authority to appeal is granted by statute." *Alesi v. Warren Cty. Bd. of Commrs*, 12th Dist. Warren Nos. CA2013-

12-123, CA2013-12-124, CA2013-12-127, CA2013-12-128, CA2013-12-131, and CA2013-12-132, 2014-Ohio-5192, ¶17. Therefore, standing is a jurisdictional prerequisite that cannot be waived. *Id.*

**{¶24}** "The burden of proof to establish standing lies with the party seeking to appeal and therefore that party must ensure that the record supports his or her claim of standing." *Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 4th Dist. Athens Nos. 12CA32 thru 12CA35, 2013-Ohio-5610, ¶ 20; *Kurtock v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 100266, 2014-Ohio-1836, ¶10; *Alexis Entertainment, L.L.C. v. Toledo*, 6th Dist. Lucas No. L-13-1028, 2013-Ohio-3946, 2013 WL 5210309, ¶ 9, citing *Kraus v. Put-In-Bay Tp. Bd. of Zoning & Appeals*, 6th Dist. Ottawa No. OT-04-011, 2004-Ohio-4678, 2004 WL 1949428, ¶12.

**{¶25}** Whether a party has established standing to bring an action before the court is a question of law, which we review *de novo. Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20, citing *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23.

*Analysis*

**{¶26}** The cardinal rule of statutory construction requires a court to first look at the specific language of the statute itself and, if the meaning of the statute is unambiguous and definite, further interpretation is not necessary and a court must apply the statute as written. *State v. Jordan*, 89 Ohio St.3d 488, 492 (2000), quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996). Ambiguity exists only if the language of a statute is susceptible of more than one reasonable interpretation, and the facts and circumstances of a case do not permit a court to read ambiguity into a

statute. *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, ¶ 16. " '[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom.' " *State v. Knoble*, 9th Dist. Lorain No. 08CA009359, 2008–Ohio–5004, ¶ 12, quoting *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002–Ohio–6718, ¶ 14. "Thus, inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other factors identified in R.C. 1.49 is inappropriate absent an initial finding that the language of the statute is, itself, capable of bearing more than one meaning." *Dunbar* at ¶ 16.

{¶27} "It is a basic tenet of statutory construction that 'the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute it is inserted to accomplish some definite purpose.' " *State v. Wilson*, 77 Ohio St.3d 334, 336, 673 N.E.2d 1347 (1997), quoting *State ex rel. Cleveland Elec. Illum. Co. v. Euclid*, 169 Ohio St. 476, 479, 159 N.E.2d 756 (1959); *See also New Albany-Plain Local Schools Bd. of Education v. Franklin Cnty. Bd. of Revision*, 10th Dist. No. 22AP-732, 2023-Ohio-3806, 226 N.E.3d 1035, ¶ 35.

{¶28} As set forth above, revised R.C. §5717.01 provides that school boards of education are prohibited from filing appeals from a decision by the board of revision with the BTA regarding property the school boards neither own nor lease. Further, the legislature made no changes to R.C. §5717.05 which allows an appeal by the property owner from the board of revision to the common pleas court.

{¶29} We find no ambiguity in either R.C. §5717.01 or R.C. §5717.05.

Delaware County, Case Nos. 23 CAE 09 0063, 0064, 0065, 0066, 0068, 0071, 0072, 10 0073, 0074, 0075, 0076, 0081

**{¶30}** Appellants concede that they no longer have a right to appeal to the BTA but argue instead that because of said changes, they now have a right to appeal to the common pleas court under R.C. §2506.01.

**{¶31}** R.C. Chapter 5717 does provide a right to appeal to the common pleas court under R.C. §5717.05, however this right is granted only to property owners, not boards of education.

**{¶32}** R.C. Chapter 5717 could not be clearer in expressing the intent that the right to appeal to the common pleas court under R.C. 5717.05 resides solely with the property owner.

**{¶33}** "All statutes relating to the same subject matter must be read *in pari materia, and construed together, so as to give the proper force and effect to each and all such statutes.*" (Emphasis sic.) *In re K.J.,* 10th Dist. No. 13AP-1050, 2014-Ohio-3472, 2014 WL 3936867, ¶ 21, citing *State v. Cook,* 128 Ohio St.3d 120, 2010-Ohio-6305, 942 N.E.2d 357, ¶ 45.

**{¶34}** Upon review, we find that the General Assembly expressed its intent to deny boards of education a right to appeal a decision of a board of revision by removing said right under R.C. §5717.01 and by not modifying R.C. §5717.05 to include said boards of education.

*R.C. §2506.01*

**{¶35}** Appellant herein argues that it now has a right to appeal under R.C. §2506.01.

**{¶36}** R.C. §2506.01 establishes the right to appeal an administrative decision of a political subdivision that determines "rights, duties, privileges, benefits or legal relationships of a person * * *." R.C. §2506.01(C).

**{¶37}** We look to the language of Revised Code §2506.01, which provides:

(A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

(B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

(C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

**{¶38}** This Court recognizes that R.C. §2506.01 " 'does not address the question of *who* has standing to bring such an appeal.' " (Emphasis sic.) *Myers v. Clinebell*, 6th

Dist. Sandusky No. S-98-048, 1999 WL 300620, (May 14, 1999), quoting *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992). We construe the plain, clear and unambiguous language of R.C. 2506.01 its usual and customary meanings. *Medcorp, Inc. v. Ohio Dept. of Job & Family Servs.*, 121 Ohio St.3d 622, 2009-Ohio-2058, 906 N.E.2d 1125, ¶ 9. " '[I]t is the duty of the court to give effect to the words used, not to delete words used or insert words not used.' " *Westgate Shopping Village v. Toledo*, 93 Ohio App.3d 507, 517-18, 639 N.E.2d 126 (6th Dist.1994), quoting *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991).

**{¶39}** R.C. §2506.01 does not create a cause of action where none otherwise exists. Regarding administrative appeals under R.C. §2506.01, Ohio courts require a party to identify a statutory provision that expressly authorizes the filing of an appeal. *Yanega v. Cuyahoga Cty. Bd. of Revision,* 156 Ohio St.3d 203, 2018-Ohio-5208, 124 N.E.3d 806, ¶ 10 ("there is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute"). This statutory permission cannot come from R.C. §2506.01 itself. *JRB Holdings, LLC v. Stark Cty. Bd. of Revision,* 5th Dist. Stark No. 2021CA00144, 2022-Ohio-1646, ¶11-18, (looking beyond R.C. Chapter 2506 to determine whether an appeal from a board of revision is permitted).

**{¶40}** Rather, that authority must arise from another statutory provision. *See also Hamer v. Danbury Twp. Bd. of Zoning Appeals,* 6th Dist. Lucas No. L-19-1210, 2020-Ohio-3209, 155 N.E.3d 218, ¶ 10 ("jurisdiction over an administrative appeal is improper unless granted by R.C. 119.12 or other specific statutory authority"), quoting *Nkanginieme v. Ohio Dept. of Medicaid,* 10th Dist. Franklin No. 14AP-596, 2015-Ohio-656, 29 N.E.3d 281, ¶ 15.

**{¶41}** R.C. §2506.01 is a general statute dealing with appeals from various bodies. R.C. §5717.01, on the other hand, is a special statute specifically dealing with board of revision property valuations and rights of appeal therefrom. Under such circumstances, R.C. §5717.01 prevails and is exclusively applicable. As set forth by the Ohio Supreme Court in *Acme Engineering Co. v. Jones* (1948), 150 Ohio St. 423, 83 N.E.2d 202 (1948):

> A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision. (*State, ex rel. Steller et al., Trustees, v. Zangerle, Aud.*, 100 Ohio St. 414, 126 N.E. 413, and paragraph one of the syllabus in *State, ex rel. Elliott Co., v. Connar, Supt.*, 123 Ohio St. 310, 175 N.E. 200, approved and followed.)

**{¶42}** *See also Ruprecht v. City of Cincinnati*, 64 Ohio App.2d 90, 92–93, 411 N.E.2d 504, 507 (1st Dist.1979).

**{¶43}** We further find that the Supreme Court of Ohio's holdings in *Nuspl v. City of Akron* and *Anderson v. City of Akron,* 61 Ohio St.3d 511 (1991), *Sutherland–Wagner v. Brook Park Civil Service Commission,* 32 Ohio St.3d 323 (1987) and *Walker v. Eastlake* (1980), 61 Ohio St.2d 273, 275, 400 N.E.2d 908, 909-910, provide that "an appeal is available from a final order of a commission of a political subdivision of the state unless another statute, enacted subsequent to the enactment of R.C. 2506.01, clearly prohibits the use of this section." The *Nuspl* court specifically held R.C. §2506.01 "provides an

Delaware County, Case Nos. 23 CAE 09 0063, 0064, 0065, 0066, 0068, 0071, 0072, 14
0073, 0074, 0075, 0076, 0081

aggrieved party an additional avenue of relief that is not expressly prohibited by a subsequently enacted statute." *Id.* at 515.

**{¶44}** Here, we find that R.C. §5717.01 (and R.C. §5717.05) was enacted subsequent to R.C. §2506.01 and that such statute, through its newly enacted revisions, prohibits an appeal from a decision of the board of revision by a board of education to either the BTA or the common pleas court.

**{¶45}** Having found Appellant is without standing to appeal pursuant to R.C. §2506.01, we find no error by the lower court in granting Appellees' motions to dismiss.

**{¶46}** Accordingly, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, P. J.

Baldwin, J., and

King, J., concur.

JWW/kw 0411