[Cite as *Westerville City School Dist. Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 2024-Ohio-2963.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WESTERVILLE CITY SCHOOL DISTRICT BOARD OF EDUCATION | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 24 CAE 01 0006 |
| DELAWARE COUNTY BOARD OF REVISION, ET AL., | |
| Appellees | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Delaware County Court of Common Pleas, Case No. 23 CV F 10 0805

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    August 2, 2024

APPEARANCES:

For Appellant

MARK H. GILLIS
KELLEY A. GORRY
Rich & Gillis Law Group, LLC
5747 Perimeter Drive, Suite 150
Dublin, OH 43017

For Westar Polaris III, LLC

EDWARD F. HIRSHBERG
Ryan Law Firm, PLLC
301 Grant Street, Suite 270
Pittsburgh, PA 15219

For County Appellees

MICHAEL P. CAVANAUGH
Delaware County Prosecutor's Office
145 North Union Street, 3rd Floor
P.O. Box 8006
Delaware, OH 43015

*Hoffman, J.*

**{¶1}** Appellant Westerville City Schools Board of Education appeals the judgment entered by the Delaware County Common Pleas Court dismissing its administrative appeal for lack of jurisdiction. Appellee is Westar Polaris III, ILC.[1]

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On March 21, 2023, Appellee filed an original complaint with the Delaware County Board of Revision (hereinafter "BOR") seeking to decrease the value placed on a parcel of property owned by Appellee by the Delaware County Auditor from $14, 657, 100 to $13, 450,000. On September 27, 2023, the BOR adopted Appellee's opinion of value. Appellant appealed this decision to the Delaware County Common Pleas Court.

**{¶3}** In the trial court, Appellant sought to stay the proceedings due to the pendency of numerous appeals by other school districts in this Court which raised the same issues. The trial court denied the motion to stay, and sua sponte dismissed Appellant's administrative appeal for lack of jurisdiction, finding Appellant did not have standing to appeal the BOR's decision to the Court of Common Pleas. It is from the January 2, 2024 decision of the Delaware County Common Pleas Court Appellant prosecutes this appeal, assigning as error:

I. THE DELAWARE COUNTY COMMON PLEAS COURT ERRED

IN HOLDING THAT R.C. 2506.01 DOES NOT CREATE AN

INDEPENDENT RIGHT OF APPEAL IN DIRECT CONTRAVENTION OF

---

[1] Appellees Delaware County Auditor and Delaware County Board of Revision did not file a brief in the instant appeal.

THE PLAIN LANGUAGE OF THE STATUTE AND SUPREME COURT PRECEDENT.

II. THE DELAWARE COUNTY COMMON PLEAS COURT COMMITTED LEGAL ERROR IN CITING *JRB HOLDINGS, HAMER,* AND *NKANGINIEME* AS SUPPORT FOR ITS HOLDING THAT R.C. 2506.01 DOES NOT CREATE AN INDEPENDENT STATUTORY RIGHT OF APPEAL.

III. THE DELAWARE COUNTY COMMON PLEAS COURT ERRED IN HOLDING THAT THE BOARD OF EDUCATION LACKED STATUTORY STANDING TO APPEAL PURSUANT TO R.C. 2506.01.

## I., II., III.

**{¶4}** This Court has previously considered the legal issues raised by Appellant in the instant appeal. The assignments of error are overruled for the reasons stated in *Westerville City School Dist. Bd. of Education v. Delaware Cnty. Bd. of Revision*, 2024-Ohio-1567 (5th Dist.); *Olentangy Local School Dist. Bd. of Education v. Delaware Cnty. Bd. of Revision*, 2024-Ohio-1564 (5th Dist.); and *Delaware City Schools Bd. of Education v. Delaware Cnty. Bd. of Revision,* 2024-Ohio-1565 (5th Dist.).

{¶5}    The judgment of the Delaware County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur