[Cite as *Heath City School Dist. Bd. of Edn. v. Licking Cty. Bd. of Revision*, 2025-Ohio-950.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HEATH CITY SCHOOL DISTRICT BOARD OF EDUCATION | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. Andrew J. King, J. |
| Appellant | : | Hon. David M. Gormley, J. |
| | : | |
| -vs- | : | |
| | : | |
| LICKING COUNTY BOARD OF REVISION, ET AL. | : | Case No. 2024 CA 00067 |
| | : | |
| Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County
                            Court of Common Pleas, Case No.
                            24 CV 00743

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            March 19, 2025

APPEARANCES:

For Appellant

MARK H. GILLIS
KELLEY A. GORRY
Rich & Gillis Law Group, LLC
5747 Perimeter Dr., Suite 150
Dublin, Ohio 43017

For Appellees

JENNY WELLS
Licking County Prosecuting Attorney
AUSTIN A. LECKLIDER
Assistant Prosecuting Attorney
20 S. Second St.
Newark, Ohio 43055

For Appellee Blue Sky Heath
Properties, LLC

CHARLES L. BLUESTONE
ANDREW J. MERWINE

*Baldwin, P.J.*

**{¶1}** Appellant, Heath City Schools Board of Education ("BOE"), appeals the decision of the Court of Common Pleas of Licking County, Ohio, dismissing its complaint challenging the 2023 tax value of certain real property.

**{¶2}** Appellees are Licking County Board of Revision ("BOR"), Licking County Auditor, and Blue Jay Heath Properties, LLC ("Property Owner").

## STATEMENT OF THE FACTS AND THE CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** In 2023, BOE filed an original valuation complaint with the BOR for tax year 2023, challenging the true valuation of certain real property and seeking an increase in the value of properties owned by the Property Owner, appellee herein.

**{¶5}** The BOR dismissed the BOE's complaint due to lack of subject matter jurisdiction for noncompliance with R.C. 5715.19(A)(6)(a) without holding a hearing.

**{¶6}** The BOE appealed this decision to the Court of Common Pleas for Licking County, Ohio, as an administrative appeal pursuant to R.C. 2506.01.

**{¶7}** The trial court sua sponte dismissed the appeal.

**{¶8}** The BOE filed a timely notice of appeal and herein raises the following two assignments of error:

## ASSIGNMENTS OF ERROR

**{¶9}** "I. THE LICKING COUNTY COMMON PLEAS COURT ERRED IN IGNORING THE SUPREME COURT'S INTERPRETATION OF R.C. 2506.01 AS SET

FORTH IN *WALKER*, *SUTHERLAND-WAGNER*, AND *NUSPL*, BECAUSE AN APPEAL IS AVAILABLE PURSUANT TO R.C. 2506.01 WHEN NEITHER EXISTING R.C. 5717.05 NOR THE REVISIONS TO R.C. 5717.01 PROHIBIT AN APPEAL PURSUANT TO R.C. 2506.01."

**{¶10}** "II. THE PERCEIVED INTENT OF THE GENERAL ASSEMBLY IN ENACTING H.B. 126 MAY NOT BE ELEVATED ABOVE THE ACTUAL WORDS THE GENERAL ASSEMBLY USED IN THE REVISIONS TO R.C. 5717.01 OR TO INSERT WORDS IN R.C. 5717.05 THAT THE GENERAL ASSEMBLY DID NOT INSERT TO PRECLUDE AN APPEAL PURSUANT TO R.C. 2506.01."

**I., II.**

**{¶11}** The issue before this court is whether the trial court erred in holding that a board of education lacks statutory authority to appeal a decision of a county board of revision to the common pleas court as an administrative appeal pursuant to R.C. 2506.01. We previously addressed this issue in *Olentangy Local School Dist. Bd. of Education v. Delaware Cnty. Bd. of Revision*, 2024-Ohio-1564 (5th Dist.).

**{¶12}** In *Olentangy*, this court found the language in R.C. Ch. 5717 was not ambiguous, and the right to an appeal is solely with the property owner. *Id.* at ¶ 32. Furthermore, we held that a board of education is statutorily prohibited from appealing a decision of the board of revision to either the Board of Tax Appeals or the common pleas court. *Id.* at ¶ 43.

**{¶13}** For these reasons set forth in *Olentangy*, we find the trial court did not err in dismissing the BOE's appeal of the BOR's decision.

**{¶14}** Accordingly, BOE's first and second assignments of error are overruled.

## CONCLUSION

{¶15} Based upon the foregoing, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.

By: Baldwin, P.J.

King, J. and

Gormley, J. concur.