[Cite as *Granville Exempted Village School Dist. Bd. of Edn. v. Licking Cty. Bd. of Revision*, 2025-Ohio-948.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GRANVILLE EXEMPTED VILLAGE | : | JUDGES |
| SCHOOL DISTRICT BOARD OF | : | Hon. Craig R. Baldwin, P.J. |
| EDUCATION | : | Hon. Andrew J. King, J. |
| | : | Hon. David M. Gormley, J. |
| Appellant | : | |
| | : | |
| -vs- | : | |
| | : | |
| LICKING COUNTY BOARD OF | : | Case No. 2024 CA 00065 |
| REVISION, ET AL. | : | |
| | : | |
| Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County
                             Court of Common Pleas, Case No.
                             24 CV 00744

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            March 19, 2025

APPEARANCES:

For Appellant                For Appellee Licking County
                             Auditor and Board of Revision

MARK H. GILLIS               JENNY R. WELLS
KELLEY A. GORRY              Licking County Prosecuting Attorney
5747 Perimeter Dr., Suite 150   AUSTIN A. LECKLIDER
Dublin, Ohio  43017          Assistant Prosecuting Attorney
                             20 S. Second St., 2nd Floor
                             Newark, Ohio 43055

                             For Appellee Epcon Properties, Inc.

                             LAUREN M. JOHNSON
                             NICHOLAS M.J. RAY
                             52 E. Gay St.

*Gormley, J.*

**{¶1}** Appellant, Granville Exempted Village School District Board of Education ("BOE"), appeals the decision of the Court of Common Pleas of Licking County, Ohio, dismissing its complaint challenging the 2023 tax value of certain real property.

**{¶2}** Appellees are Licking County Board of Revision ("BOR"), Licking County Auditor, and Epcon Properties, Inc. ("Property Owner").

## STATEMENT OF THE FACTS AND THE CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** In 2023, BOE filed an original valuation complaint with the BOR for tax year 2023, challenging the true valuation of certain real property and seeking an increase in the value of properties owned by the Property Owner, appellee herein.

**{¶5}** The BOR dismissed the BOE's complaint due to lack of subject matter jurisdiction for noncompliance with R.C. 5715.19(A)(6)(a) without holding a hearing.

**{¶6}** The BOE appealed this decision to the Court of Common Pleas for Licking County, Ohio, as an administrative appeal pursuant to R.C. 2506.01.

**{¶7}** The trial court sua sponte dismissed the appeal.

**{¶8}** The BOE filed a timely notice of appeal and herein raises the following two assignments of error.

**{¶9}** "I. THE LICKING COUNTY COMMON PLEAS COURT ERRED IN IGNORING THE SUPREME COURT'S INTERPRETATION OF R.C. 2506.01 AS SET FORTH IN *WALKER, SUTHERLAND-WAGNER*, AND *NUSPL*, BECAUSE AN APPEAL IS AVAILABLE PURSUANT TO R.C. 2506.01 WHEN NEITHER EXISTING R.C. 5717.05

NOR THE REVISIONS TO R.C. 5717.01 PROHIBIT AN APPEAL PURSUANT TO R.C. 2506.01."

**{¶10}** "II. THE PERCEIVED INTENT OF THE GENERAL ASSEMBLY IN ENACTING H.B. 126 MAY NOT BE ELEVATED ABOVE THE ACTUAL WORDS THE GENERAL ASSEMBLY USED IN THE REVISIONS TO R.C. 5717.01 OR TO INSERT WORDS IN R.C. 5717.05 THAT THE GENERAL ASSEMBLY DID NOT INSERT TO PRECLUDE AN APPEAL PURSUANT TO R.C. 2506.01."

**I., II.**

**{¶11}** The issue before this court is whether the trial court erred in holding that a board of education lacks statutory authority to appeal a decision of a county board of revision to the common pleas court as an administrative appeal pursuant to R.C. 2506.01. We previously addressed this issue in *Olentangy Local School Dist. Bd. of Education v. Delaware Cty. Bd. of Revision*, 2024-Ohio-1564 (5th Dist.).

**{¶12}** In *Olentangy*, this court found the language in R.C. Ch. 5717 was not ambiguous, and the right to an appeal is solely with the property owner. *Id.* at ¶ 32. Furthermore, we held that a board of education is statutorily prohibited from appealing a decision of the board of revision to either the Board of Tax Appeals or the common pleas court. *Id.* at ¶ 43.

**{¶13}** For these reasons set forth in *Olentangy*, we find the trial court did not err in dismissing the BOE's appeal of the BOR's decision.

**{¶14}** Accordingly, BOE's first and second assignments of error are overruled.

## CONCLUSION

{¶15} Based upon the foregoing, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.

By: Gormley, J.

Baldwin, P.J. and

King, J. concur.