[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Olentangy Local School Dist. Bd. of Edn. v. Delaware Cty. Bd. of Revision*, Slip Opinion No. 2026-Ohio-1963.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1963

OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.* DELAWARE COUNTY BOARD OF REVISION ET AL., APPELLEES.

OLENTANGY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.* DELAWARE COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Olentangy Local School Dist. Bd. of Edn. v. Delaware Cty. Bd. of Revision*, Slip Opinion No. 2026-Ohio-1963.]

*Taxation—Valuation of real property for tax purposes—R.C. 2506.01(C) excludes a board of revision's property-valuation decisions from the class of decisions appealable to a common pleas court under R.C. 2506.01(A) since property-valuation decisions are appealable to a higher administrative authority, Board of Tax Appeals, under R.C. 5717.01—Property-valuation decisions are appealable to a court of common pleas under R.C. 5717.05 only when the appellant owns the property at issue—Court of appeals' judgment affirmed.*

(Nos. 2024-0814 and 2024-0815—Submitted June 3, 2025—Decided May 29, 2026.)

APPEALS from the Court of Appeals for Delaware County,

Nos. 23 CAE 09 0061 and 23 CAE 90 0057, 2024-Ohio-1566.

_____

HAWKINS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, DETERS, and SHANAHAN, JJ., joined. BRUNNER, J., dissented, with an opinion.

**HAWKINS, J.**

{¶ 1} Historically, a board of education could appeal a county board of revision's decisions regarding the valuation of real property for tax purposes in one of two ways: (1) by filing an appeal with the Ohio Board of Tax Appeals ("BTA") under R.C. 5717.01 or (2) if the board of education owned the property at issue, by filing an appeal in a court of common pleas under R.C. 5717.05. But effective July 21, 2022, the General Assembly amended R.C. 5717.01, *see* 2022 Am.Sub.H.B. No. 126 ("H.B. 126"), eliminating a board of education's ability to appeal the property-valuation decisions of a board of revision to the BTA when the board of education does not own or lease the property in question.

{¶ 2} Appellant, the Olentangy Local School District Board of Education ("Olentangy"), contends that with the statutory amendment, the General Assembly opened a path for boards of education to appeal a board of revision's property-valuation decisions to a court of common pleas under the general statute governing appeals of administrative decisions, R.C. 2506.01, despite leaving the property-owner requirement in R.C. 5717.05 untouched. Both the Delaware County Court of Common Pleas and the Fifth District Court of Appeals determined that no such

2

avenue of appeal exists under the amended statutory scheme.[1]  *See* 2024-Ohio-1566, ¶ 14, 35-46 (5th Dist.).

{¶ 3} We agree.  Board-of-revision decisions concerning the valuation of real property are not appealable to a court of common pleas under R.C. 2506.01(A), because R.C. 2506.01(C) precludes such an appeal.  Moreover, property-valuation decisions are appealable to a court of common pleas under R.C. 5717.05 only when the appellant owns the property at issue.  Olentangy's appeals were therefore properly dismissed by the common pleas court, and we affirm the judgment of the Fifth District.

---

1. The General Assembly again amended R.C. 5717.01 while these appeals were pending.  Effective September 30, 2025, the General Assembly enacted 2025 Am.Sub.H.B. No. 96, which includes revisions to R.C. 5717.01 regarding who may appeal a board of revision's decisions to the BTA. The relevant language now provides:

> An appeal from a decision of a county board of revision may be taken to the board of tax appeals . . .  except that a subdivision or the legislative authority or mayor of a subdivision may file such an appeal only if the subdivision owns or leases the property that is the subject of the board of revision's decision, and except that no such appeal may be taken by a third party complainant, as defined in [R.C. 5715.19].

The legislative act provides that the amendment

> is intended to be a remedial measure and applies to any appeal taken from a decision of a board of revision rendered on or after July 21, 2022, except that the amendment . . .  prohibiting an appeal by a third party complainant, as defined in [R.C. 5715.19], applies to any appeal taken from a board of revision decision rendered on or after the effective date of this section.

2025 Am.Sub.H.B. No. 96, Section 757.90(B).  This most recent amendment retains the language pertinent to this appeal: a "legislative authority," which is defined in R.C. 5715.19(A) to include a board of education, may not appeal the property-valuation decisions of a board of revision to the BTA when the board of education does not own or lease the property in question.  Neither party has argued to the contrary or otherwise requested the opportunity to file additional briefs to address the most recent statutory amendment.  To accurately state the parties' arguments, citations to R.C. 5717.01 in this opinion refer to the version enacted in 2022 Am.Sub.H.B. No. 126 (effective July 21, 2022), unless otherwise noted.  Our analysis and the outcome of this appeal is the same under both the 2022 and 2025 amendments.

## I.  BACKGROUND

{¶ 4} In early 2023, Olentangy filed complaints with appellee Delaware County Board of Revision challenging the 2022 tax-year value of parcels owned by appellees Northport Place, L.L.C. (case No. 2024-0814) and PSLC Enterprises, L.L.C. (case No. 2024-0815), seeking an increase in the valuation of those properties.  At an open-session meeting in May 2023, the Delaware County Board of Revision dismissed the complaints for lack of subject-matter jurisdiction under R.C. 5715.19(A)(6)(a), which governs the procedure for filing a complaint against valuation.

{¶ 5} Olentangy, citing R.C. 2506.01, appealed the dismissals to the Delaware County Court of Common Pleas.  The property owners filed a motion to dismiss the appeals for lack of jurisdiction in each case.  The common pleas court granted the motions on the ground that Olentangy did not have statutory standing to file an administrative appeal under R.C. 2506.01.

{¶ 6} Olentangy appealed to the Fifth District, arguing that R.C. 2506.01 gives it an independent statutory right of appeal to the court of common pleas based on the plain language of the statute and caselaw.  Unconvinced by this argument, the Fifth District affirmed the court of common pleas' judgments of dismissal.  *See* 2024-Ohio-1566 at ¶ 45-46 (5th Dist.).  After considering the impact of H.B. 126 on R.C. 2506.01, 5717.01, and 5717.05, the Fifth District concluded that a board of education is prohibited from appealing a board of revision's property-valuation decisions to either the BTA (unless the board of education owns or leases the property in question) or the court of common pleas (unless the board of education owns the property).  *See id.* at ¶ 28-44.  Accordingly, the Fifth District held that Olentangy lacked standing to appeal the 2022 tax-year valuations to the common pleas court and, therefore, the lower court did not err in dismissing the appeals.  *Id.* at ¶ 44-45.

{¶ 7} Olentangy appealed, and we accepted jurisdiction over the following three propositions of law:

Proposition of Law No. 1: R.C. 2506.01 creates an independent statutory right of appeal of all final decisions of administrative bodies and political subdivisions of the state.

Proposition of Law No. 2: Pursuant to this court's decisions in *Walker* [*v. Eastlake*, 61 Ohio St.2d 273 (1980)], *Sutherland-Wagner* [*v. Brook Park Civil Serv. Comm.*, 32 Ohio St.3d 323 (1987)], and *NUSPL* [*v. Akron*, 61 Ohio St.3d 511 (1991)], an appeal is available pursuant to R.C. 2506.01 because neither existing R.C. 5717.05 nor the revisions to R.C. 5717.01 prohibit an appeal pursuant to R.C. 2506.01.

Proposition of Law No. 3: The perceived intent of the General Assembly in enacting H.B. 126 may not be elevated above the actual words the General Assembly used in the revisions to R.C. 5717.01 or to insert words in R.C. 5717.05 that the General Assembly did not insert to preclude an appeal pursuant to R.C. 2506.01.

*See* 2024-Ohio-3227.  We also consolidated the cases for briefing and decision.  *See id.*

## II.  ANALYSIS

{¶ 8} Under its three propositions of law, Olentangy argues that R.C. 2506.01 provides it with statutory standing to appeal the property-valuation decisions of the Delaware County Board of Revision to the Delaware County Court of Common Pleas, considering the amendments to R.C. Ch. 5717 effected by H.B. 126.  Because this issue concerns the meaning of statutory language, which is a

question of law, we conduct a de novo review. *State v. Vanzandt*, 2015-Ohio-236, ¶ 6.

{¶ 9} In undertaking this review, "we first look to the plain language of the statute, and if that language is unambiguous and definite, we apply it as written." *State v. Pettus*, 2020-Ohio-4836, ¶ 10. "We must 'read words and phrases in context and construe them in accordance with rules of grammar and common usage' " and in a manner that does "not restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly's wording." *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 2012-Ohio-1484, ¶ 18, quoting *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 11.

{¶ 10} The text of the relevant statutes, as written, determines the outcome of these cases. In R.C. 5717.01, the General Assembly established that a board of revision's property-valuation decisions may be appealed to a higher administrative authority, the BTA. Consequently, a board of revision's property-valuation decisions plainly fall outside the scope of decisions that may be appealed to a court of common pleas under R.C. 2506.01(A) based on the definition of "final . . . decision" provided in R.C. 2506.01(C). On this basis, the Delaware County Court of Common Pleas correctly dismissed Olentangy's appeals of the Delaware County Board of Revision's property-valuation decisions.

*A. The availability of an R.C. 2506.01 appeal is tied to the challenged decision*

{¶ 11} R.C. 2506.01, which has not changed since 2006, generally permits appeals from a political subdivision's administrative decisions to be filed in a court of common pleas. *MacDonald v. Shaker Hts. Bd. of Income Tax Rev.*, 2015-Ohio-3290, ¶ 12. R.C. 2506.01 provides the following, with exceptions not applicable here:

> (A) . . . every final order, adjudication, or decision of any . . . board . . . or other division of any political subdivision of the state

may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in [R.C. Ch.] 2505.

(B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

(C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided . . . .

{¶ 12} The text of R.C. 2506.01 addresses only (1) the types of decisions that may be appealed ("every final order, adjudication, or decision of any [administrative agency] of any political subdivision of the state," with certain exceptions), R.C. 2506.01(A); (2) that an appeal established under R.C. 2506.01 is not precluded by other remedies at law, R.C. 2506.01(B); and (3) the standard for assessing whether the administrative order, adjudication, or decision is final and appealable for purposes of the statute, R.C. 2506.01(C). R.C. 2506.01 does not state who may pursue an appeal. That reading would effectively add words to the statute, which steps beyond this court's role in determining the meaning of a law as written by the General Assembly. *See Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 2014-Ohio-5511, ¶ 23, 26-27.

{¶ 13} While the General Assembly did not restrict the applicability of R.C. 2506.01 by specifying who may appeal decisions from an administrative agency of a political subdivision to a common pleas court, it limited the scope of R.C. 2506.01 by defining a "final . . . decision" for purposes of the statute.

Relevant to these appeals, R.C. 2506.01(C) specifies that a final decision appealable under R.C. 2506.01(A) excludes those decisions that have been granted an appeal to a "higher administrative authority" with the right to a hearing.

{¶ 14} Accordingly, to determine whether Olentangy can maintain its appeals to the Delaware County Court of Common Pleas under R.C. 2506.01, we must first determine, as a threshold issue, if the challenged property-valuation decisions fall within the scope of decisions that may be appealed under R.C. 2506.01. If they do not, any further discussion on the matter is inconsequential and therefore inappropriate. *See State v. Gideon*, 2020-Ohio-6961, ¶ 26 (an issue is moot when it is no longer live as a result of some other decision rendered by the appellate court); *see also Capital Care Network of Toledo v. Ohio Dept. of Health*, 2018-Ohio-440, ¶ 31 (discussing this court's practice to not decide more than is necessary to resolve an appeal).

### B. A board of revision's property-valuation decisions may be appealed to a higher administrative authority

{¶ 15} The General Assembly has established in R.C. Ch. 5717 the statutory scheme governing appeals from a board of revision's decisions. Under that scheme, an appeal from a board of revision's property-valuation decision may be filed with the BTA within a set time frame and after meeting certain procedural requirements. R.C. 5717.01. When those prerequisites are met, the board of revision certifies the record of proceedings, and the BTA conducts a hearing and issues a report. R.C. 5717.01; *see also* R.C. 5703.02(A)(2) and (D)(3). As an alternative to the appeal provided for in R.C. 5717.01, an appeal from a board of revision's decision "may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation." R.C. 5717.05.

{¶ 16} Under the pre-H.B. 126 amendments to R.C. 5717.01, a board of education could appeal to the BTA valuation decisions concerning property that it did not own or lease. *See* former R.C. 5717.01, 2018 Sub.H.B. No. 34 (effective

Nov. 2, 2018) (granting "any board [or] legislative authority . . . authorized by [R.C. 5715.19] [the right] to file complaints against valuations or assessments" and appeal to the BTA a county board of revision's decisions). Olentangy acknowledges that under former R.C. 5717.01, the "higher administrative authority" limitation in R.C. 2506.01(C)—precluding administrative appeals to a court of common pleas under R.C. 2506.01(A) when the right to appeal has been granted elsewhere (e.g., in a rule, ordinance, or statute)—has historically barred boards of education from pursuing R.C. 2506.01 appeals.

**{¶ 17}** However, Olentangy argues that no such barrier exists now, since H.B. 126 revoked its ability to appeal to the BTA a board of revision's property-valuation decisions when it does not own or lease the property in question. *See* R.C. 5717.01, H.B. 126 (granting "any board [or] legislative authority . . . authorized by [R.C. 5715.19] [the right] to file complaints against valuations or assessments" and appeal to the BTA a county board of revision's decisions, "except that a subdivision that files an original complaint or counter-complaint under [R.C. 5715.19] with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint"); *see also Marysville Exempted Village Schools Bd. of Edn. v. Union Cty. Bd. of Revision*, 2024-Ohio-3323, ¶ 12 ("H.B. 126 amended R.C. 5717.01 to include an exception that limits the circumstances under which a political subdivision may appeal to the BTA to only those instances in which the subdivision owns or leases the property in question").

**{¶ 18}** In Olentangy's view, because the amendment to R.C. 5717.01 in effect removed the R.C. 2506.01(C) prohibition, and an appeal is not expressly prohibited in R.C. 5717.05, it may appeal the Delaware County Board of Revision's decisions to the Delaware County Court of Common Pleas under R.C. 2506.01(A). We disagree.

**{¶ 19}** Olentangy's inability to appeal the Delaware County Board of Revision's decisions to the BTA under R.C. 5717.01 is beside the point. In enacting R.C. 5717.01, the General Assembly has provided a statutory right of appeal from a board of revision's decisions to a higher administrative authority, the BTA, and that appeal process provides for a hearing. In doing so, the General Assembly excluded board-of-revision decisions from the meaning of "final order, adjudication, or decision" set forth in R.C. 2506.01(C). As a result, Olentangy's appeals to the common pleas court under R.C. 2506.01(A) are barred. And because an appeal of a board of revision's property-valuation decisions cannot be maintained under R.C. 2506.01(A), the "additional" remedy provision of R.C. 2506.01(B) by its plain terms is inapplicable.

**{¶ 20}** The cases Olentangy relies on, including *Roper v. Richfield Twp. Bd. of Zoning Appeals*, 173 Ohio St. 168 (1962); *Walker*, 61 Ohio St.2d 273; *Sutherland-Wagner*, 32 Ohio St.3d 323; *Nuspl*, 61 Ohio St.3d 511; and *Willoughby Hills*, 1992-Ohio-111, do not compel a different reading or application of the relevant statutes. These cases do not address R.C. 2506.01 in the context of an appeal of a board of revision's property-valuation decision to the court of common pleas; nor do they consider the statutory scheme that the General Assembly established in R.C. Ch. 5717 to provide for appeals of those decisions. These cases are distinguishable on those bases alone and do not control the outcome here.

**{¶ 21}** We conclude that, contrary to Olentangy's arguments, the text of R.C. 2506.01 and 5717.01 shows that the Delaware County Court of Common Pleas properly dismissed the appeals in these cases. Board-of-revision decisions are appealable to a higher administrative authority under R.C. 5717.01; therefore, R.C. 2506.01(C) precludes the appeal of such decisions to a common pleas court under R.C. 2506.01(A). Olentangy could not appeal the Delaware County Board of Revision's decisions to the Delaware County Court of Common Pleas under R.C. 2506.01(A) in these cases. Because this determination is dispositive of the

interrelated propositions of law, we decline to address the parties' remaining arguments. *See Pettus*, 2020-Ohio-4836, at ¶ 10, 17 (if the plain language of a statute "is unambiguous and definite, we apply it as written" and "engage in no further analysis" of the parties' alternative arguments regarding legislative intent).

### III. CONCLUSION

{¶ 22} R.C. 2506.01(C) excludes a board of revision's property-valuation decisions from the class of decisions appealable to a common pleas court under R.C. 2506.01(A) since property-valuation decisions are appealable to a higher administrative authority, the BTA, under R.C. 5717.01. Consequently, R.C. 2506.01 does not provide a board of education with an avenue to appeal a board of revision's property-valuation decisions.

{¶ 23} The Fifth District Court of Appeals therefore did not err in determining that Olentangy's appeals from the Delaware County Board of Revision's decisions to the Delaware County Court of Common Pleas were properly dismissed. We accordingly affirm the Fifth District's judgment.

Judgment affirmed.

_____

**BRUNNER, J., dissenting.**

{¶ 24} I dissent from the court's judgment affirming the dismissal of an appeal by appellant, the Olentangy Local School District Board of Education ("Olentangy"), to the Delaware County Court of Common Pleas from certain property-valuation decisions of appellee, the Delaware County Board of Revision. I respectfully disagree with the majority opinion's conclusion that Olentangy lacks a "final order, adjudication, or decision" as defined in R.C. 2506.01(C) that would allow it to appeal the board of revision's decisions to the common pleas court under R.C. 2506.01(A). *See* majority opinion, ¶ 19. The majority opinion interprets R.C. 2506.01(C) as prohibiting any of the board of revision's decisions from being appealed to a common pleas court as a final order under R.C. 2506.01(A) and, in

doing so, leaves Olentangy and others similarly situated without a remedy. *See* majority opinion at ¶ 19.

{¶ 25} Olentangy has attempted to avail itself of an appeal under R.C. 2506.01(A), a catchall administrative-appeal provision that broadly authorizes appeals from "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state" to "the court of common pleas of the county in which the principal office of the political subdivision is located." R.C. 2506.01 does not identify *who* is authorized to make such appeals. It does, however, define the phrase "final order, adjudication, or decision" to exclude "any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided." R.C. 2506.01(C).

{¶ 26} The majority opinion points to the General Assembly's having authorized *some* entities to appeal *some* property-valuation decisions of a board of revision to the Ohio Board of Tax Appeals ("BTA") under R.C. 5717.01, and it notes that the BTA's appeal process provides for a hearing, *see* R.C. 5703.02(D)(2). *See* majority opinion at ¶ 19. From this, the majority reasons that *all* board-of-revision property-valuation decisions must be considered appealable to a "higher administrative authority" under R.C. 2506.01(C), which in turn means that *all* such decisions are excluded from the definition of "final order, adjudication, or decision." *See* majority opinion at ¶ 8-21.

{¶ 27} The problem with the majority opinion's analysis is that it treats R.C. 2506.01 as permitting appeals on an all-or-nothing basis. In other words, the majority opinion's analysis avoids the "higher administrative authority" portion of R.C. 2506.01(C) and requires the entity seeking to appeal a board of revision's decision to show that neither it *nor anyone else* could appeal the *general type of decision* at issue to a "higher administrative authority." Nothing in the text of

R.C. 2506.01 supports this view. Nothing in R.C. 2506.01 indicates that the availability of the avenue of appeal it creates turns on the general type of decision at issue. And nothing in R.C. 2506.01 addresses in any way who may appeal.

{¶ 28} By focusing on individual orders, adjudications, and decisions, the text of R.C. 2506.01 by its plain language indicates that the exact opposite of what the majority opinion says is true. R.C. 2506.01(A) authorizes appeals from "*every* final order, adjudication, or decision." (Emphasis added.) R.C. 2506.01(C) then excludes "any order, adjudication, or decision" that is appealable to a "higher administrative authority" from the definition of "final order, adjudication, or decision" as that phrase is used in division (A). Finally, R.C. 2506.01(B) makes clear that the appeal that division (A) authorizes "is in addition to any other remedy of appeal provided by law." Read cumulatively, these statutory provisions indicate that in any analysis of how R.C. 2506.01 applies, the focus should be on the *particular order at issue*, rather than the general category into which that order falls or whether any entities other than the one seeking to appeal could do so to a higher administrative authority. I therefore do not agree with the majority opinion that R.C. 2506.01(C) prevents Olentangy from appealing the board of revision's decisions at issue here to the Delaware County Court of Common Pleas under R.C. 2506.01(A).

{¶ 29} I would also hold that the amendments to R.C. 5717.01 enacted by 2022 Am.Sub.H.B. No. 126 ("H.B. 126") materially affect how R.C. 2506.01 applies to a board of education seeking to appeal a board of revision's property-valuation decision concerning property that the board of education does not own or lease. Before the enactment of H.B. 126, the law was clear that a board of education could appeal such a decision to the BTA under R.C. 5717.01, which meant that the "higher administrative authority" portion of R.C. 2506.01(C) prevented the board of revision's decision from being appealed directly to a common pleas court under R.C. 2506.01(A). However, because H.B. 126 removed authorization for a board

of education to appeal such a decision to the BTA under R.C. 5717.01, the "higher administrative authority" portion of R.C. 2506.01(C) no longer applies. As a result, Olentangy is authorized under R.C. 2506.01(A) to appeal the property-valuation decisions at issue here to the Delaware County Court of Common Pleas.

{¶ 30} Notwithstanding that, Olentangy must still establish that it has standing to pursue an appeal to the Delaware County Court of Common Pleas under R.C. 2506.01(A). Establishing standing to appeal generally means the appellant must show that it has been aggrieved by a final order:

> Under the common law, it is well settled that the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court. . . . "Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purposes of settling abstract questions, but only to correct errors injuriously affecting the appellant."

*Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 1992-Ohio-111, ¶ 8, quoting *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160 (1942), syllabus. Olentangy may establish standing on appeal to the common pleas court by showing that it was adversely affected by the board of revision's property-valuation decisions. *See, e.g.*, *Schomaeker v. First Natl. Bank of Ottawa*, 66 Ohio St. 2d 304 (1981), paragraph two of the syllabus (holding that a property owner has standing to appeal a local planning commission's grant of a variance to a neighboring property owner under R.C. Ch. 2506 when the property owner has established that he or she would be "directly affected" by the commission's decision by having previously indicated an interest in the matter by prior court

action challenging the intended use and attending a hearing with counsel on the matter); *Roper v. Richfield Twp. Bd. of Zoning Appeals*, 173 Ohio St. 168, 173-174 (1962) (holding that a property owner had standing to appeal a board of zoning appeals' decision concerning another person's property under R.C. 2506.01 because the decision would "damage" his property and it "affected and determined [his] rights as a property owner").

{¶ 31} Olentangy argues that it is "directly affected" by the board of revision's decisions at issue in these cases because it was a party to the property-valuation proceedings—it filed statutorily authorized complaints seeking an increase in the valuation of the properties under R.C. 5715.19(A)(6)—and the board of revision rejected its claims for relief. It also explains in its reply brief how the property valuations here have a direct, dollar-for-dollar impact on its revenues:

> For PSLC Enterprises, LLC's[2] property, the total effective Class II millage rate for the property was 85.344573 mills, and for Northport Place, LLC's[3] property, the total effective Class II millage rate was 83.768702 mills for tax year 2022. Olentangy Local School District's effective Class II millage rate was 63.857748 mills and it therefore receives **74.8%** of the real property taxes from PSLC's property and **76.2%** of the real property taxes from Northport's property. *See* https://tax.ohio.gov/researcher/tax-data-series/tds1.

(Boldface and underlining in original.)

---

2. In case No. 2024-0814, Olentangy asserts the right to appeal the board of revision's property-valuation decision concerning property owned by PSLC Enterprises, L.L.C.

3. In case No. 2024-0815, Olentangy asserts the right to appeal the board of revision's property-valuation decision concerning property owned by Northport Place, L.L.C.

**{¶ 32}** We have previously recognized that a board of education has an interest in a property's valuation in the district being "correct." *Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 70 (1990). That said, the Delaware County Court of Common Pleas and the Fifth District Court of Appeals did not address whether Olentangy was adversely affected by the board of revision's decisions at issue in these cases and therefore had standing to appeal those decisions under R.C. 2506.01(A). Thus, we should not address that issue in the first instance. I would therefore remand these cases to the Delaware County Court of Common Pleas for it to allow the parties to brief the issue of standing and present evidence as necessary and to then issue a decision on the matter.

**{¶ 33}** For the foregoing reasons, I would hold that the Fifth District erred by concluding that R.C. 2506.01(A) does not authorize Olentangy to appeal the board of revision's property-valuation decisions at issue here to the Delaware County Court of Common Pleas. I would therefore reverse its judgments and remand the cases to the common pleas court for further proceedings as explained above. Because the majority opinion does not, I respectfully dissent.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Kelley A. Gorry, for appellant.

Melissa A. Schiffel, Prosecuting Attorney, and Michael P. Cavanaugh, Assistant Prosecuting Attorney, for appellees Delaware County Auditor and Delaware County Board of Revision.

Vorys, Sater, Seymour and Pease, L.L.P., Nicholas M.J. Ray, Lauren M. Johnson, and Steven L. Smiseck, for appellees Northport Place, L.L.C., and PSLC Enterprises, L.L.C.

Dave Yost, Attorney General, and Mathura J. Sridharan, Solicitor General, urging affirmance for amicus curiae, Ohio Attorney General Dave Yost.

_____